(90 South. 35)
### WALLIS v. STATE. (8 Div. 733.)

(Court of Appeals of Alabama. April 5, 1921.)

**1. Criminal law ⬤⇒510—No conviction for felony on accomplice's uncorroborated testimony.**

Under the statute, a defendant charged with felony may not be convicted upon the uncorroborated testimony of an accomplice.

**2. Criminal law ⬤⇒511(1)—Evidence held insufficient to corroborate accomplice.**

On a trial for burglary, evidence *held* insufficient to corroborate the testimony of an alleged accomplice, who was the party who actually went into the building and took the money stolen.

Appeal from Circuit Court, Marshall County; W. W. Harralson, Judge.

Albert Wallis was convicted of burglary, and he appeals. Reversed and remanded.

John A. Lusk & Son, of Guntersville, for appellant.

The court erred in the admission of evidence relative to the tracks. 105 Ala. 127, 16 South. 801; 122 Miss. 647, 84 South. 700; 157 Ala. 63, 47 South. 176; 12 Ala. App. 160, 68 South. 521. The testimony of the accomplice was not sufficiently corroborated, and should have been excluded. Section 7897, Code 1907; 15 Ala. App. 72, 72 South. 557; 16 C. J. 929; 17 Ala. App. 126; 82 South. 574; 84 South. 785; 7 Ala. App. 140, 61 South. 479; 90 Ala. 630, 8 South. 383, 24 Am. St. Rep. 850; 170 Ala. 80, 54 South. 516.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

SAMFORD, J. [1] Under the statute, a defendant charged with felony may not be convicted upon the uncorroborated testimony of an accomplice.

[2] It is conceded in this case that Lumpkin is the party who actually went into the storehouse and got the money from the money drawer, and it is only on Lumpkin's testimony that the defendant Wallace is connected with the crime at all, except the testimony of several witnesses to the effect that about 200 yards from the store a barefooted track was found in the road leading in the direction of defendant's home. There was no peculiarity about the track, nor was

it shown to have been made by the defendant, except by the testimony of Lumpkin.

The evidence for the state, other than Lumpkin, tended to show that only one person went to the store; that that person was in his sock feet, and would wear about a number 11 shoe; that this large sock-footed track began about 3 feet from the veranda and went on down the road and in the direction of where Lumpkin lived; that about 200 yards from the store a smaller barefooted track (about a No. 7) began and went in the same general direction. Lumpkin swore that the large track was his and the smaller track defendant's, and that both were in their sock feet. In addition to these, and other discrepancies, the witness was not only an accomplice, but was a self-confessed thief, and generally of bad character, and on another occasion this defendant had found out and been the cause of his prosecution for another burglary. It also appears he had been promised and been granted immunity by the solicitor and court in this case. The testimony of Lumpkin was not sufficiently corroborated. It should have been excluded on motion. Even if there had been slight corroboration, the motion for a new trial should have been granted.

For the errors pointed out, the judgment is reversed, and the cause is remanded.

Reversed and remanded.