(109 So. 526)

## McCLENDON v. STATE. (8 Div. 324.)

(Court of Appeals of Alabama. Aug. 31, 1926.)

**1. Criminal law ⬅335—While indictment need not allege venue, there must be proof of it for conviction to stand.**

While indictment need not allege where offense was committed, there must be evidence from which it can at least be inferred that it was committed within jurisdiction of court in which indictment is preferred, or conviction cannot stand.

**2. Criminal law ⬅1170½(2).**

Inquiries of defendant as to having venereal disease, having no bearing on the issues, while error, *held* harmless, in view of negative answer.

**3. Criminal law ⬅1044.**

Improper argument cannot avail on appeal, notwithstanding objection or even exception, in absence of motion to exclude.

**4. Criminal law ⬅919(5).**

On motion for new trial, court could have considered improper and hurtful argument objected to, though there was no motion at trial to exclude.

Bricken, P. J., dissenting in part.

Appeal from Circuit Court, Marshall County; W. W. Haralson, Judge.

Ona May McClendon was convicted of manslaughter in the first degree, and she appeals. Reversed and remanded.

Rayburn, Wright & Rayburn, of Guntersville, for appellant.

Brief of counsel did not reach the Reporter.

Harwell G. Davis, Atty. Gen., and Chas. H. Brown, Asst. Atty. Gen., for the State.

There was sufficient evidence of venue, and the question was for the jury. Britton v. State, 15 Ala. App. 584, 74 So. 721. The remarks of the solicitor were legitimate comments upon the facts. Henderson v. State, 20 Ala. App. 124, 101 So. 88. The physical condition of the defendant was a proper subject of cross-examination. Largin v. State, 20 Ala. App. 550, 104 So. 50.

BRICKEN, P. J. From a judgment of conviction for manslaughter in the first degree, this appeal was taken. We note from the record that this appellant was attended by counsel on the trial of this case in the court below, but no brief has been filed in this court in her behalf. There is a brief filed here in behalf of the state by the Attorney General.

[1] The first question presented for our consideration is that of venue. It is not necessary to allege where the offense was committed, but it must be proved on the trial to have been committed within the jurisdiction of the court in which the indictment is preferred.

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

In this case the state made several attempts to prove the venue, but produced no witness who could, would, or did testify that the offense here complained of was committed within the territorial subdivision of Marshall county, known as the Albertville division of the circuit court of Marshall county, and in said circuit court the indictment in this case was preferred. The bill of exceptions purports to contain all the evidence adduced upon this trial. As stated, proof of venue is not shown. This question is presented in nearly every conceivable form, and failure to prove the venue must of necessity work a reversal of the judgment of conviction. "A conviction in a criminal case can never be had except upon proof of the venue." Bowdon v. State, 91 Ala. 61, 8 So. 694; Justice v. State, 99 Ala. 180, 13 So. 658; Randolph v. State, 100 Ala. 139, 14 So. 792. A reading of all the evidence on the subject of venue fails to disclose that any witness testified that the offense was committed within the Albertville division of the circuit court of Marshall county, nor was there any evidence adduced from which this fact could be properly inferred.

[2] There are numerous other questions presented, but all of them need not be discussed. On cross-examination of the defendant, the state propounded to her several questions as to whether or not she, the witness, had had the gonorrhea, etc., and if she had not been treated for that disease, all of which was answered in the negative. This inquiry had no place upon the trial of this case; it did not even tend to shed any light upon the issues involved. It was highly prejudicial to the substantial rights of the defendant and tended to place the witness in an improper light before the jury—a status of an unsavory nature and of contempt. We do not say that this was a deliberate effort upon the part of the state to place the witness in disrepute before the jury, but we do note that the state made no effort to follow up the inquiry. The writer is of the opinion that the numerous exceptions reserved in this connection should be sustained, and that these rulings of the court were prejudicial to the substantial rights of the accused, and also constituted reversible error for the reasons hereinabove stated; but, the majority are of the opinion that, while the rulings complained of were error, such error was rendered harmless by the negative answer of the witness.

[3] There are several statements of the solicitor complained of, and if the questions were properly presented so that we would be authorized to review them, several of the insistences would of necessity be sustained, as practically all of the argument objected to was improper and not within the confines of legitimate argument. Some of the solicitor's argument consisted in a recitation by him of alleged facts and circumstances having oc-

curred on some prior occasion, but wholly foreign to any of the issues or facts of the case on trial. The argument was ill-advised, improper, and should have had no place upon the trial of this case. However, the appellant cannot be given the benefit of these matters, as mere objection to argument avails nothing on appeal, and in the absence of a motion to exclude the argument, an exception is equally abortive. Lambert v. State, 208 Ala. 42, 44, 93 So. 708; Russell v. State, 19 Ala. App. 425, 428, 97 So. 845; Boyett v. State, 18 Ala. App. 363, 92 So. 515.

[4] On the motion for a new trial, which is properly presented, the court could have considered the improper and hurtful argument. In this case we are of the opinion the court should have done so, and erred in denying the motion for a new trial.

Reversed and remanded.