(139 So. 437)

## KEMP v. STATE.
### 6 Div. 43.

Court of Appeals of Alabama.
Feb. 2, 1932.

J. B. Powell and Norman Gunn, both of Jasper, for appellant.

Thos. E. Knight, Jr., Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., for the State.

**SAMFORD, J.**

The evidence for the state tending to convict the defendant consists of the testimony of an accomplice as to the main facts, and other testimony tending to prove that the confessed thief was in company with defendant during the night of the alleged crime. The law is that a conviction for felony cannot be had on the testimony of an accomplice, unless corroborated by other evidence tending to connect the defendant with the commission of the offense; and such corroborative evidence, if it merely shows the commission of the offense or the circumstances thereof, is not sufficient. Code 1923, § 5635. The only evidence of corroboration claimed in this case by the state is that this defendant was seen on the streets of the village where the crime was committed in company with the accomplice, riding in a model T Ford car, on the night of the burglary; that they passed up the street in open view three times, the last time going in the direction of defendant's home. Nobody saw them doing anything out of the ordinary, and nobody testifies as to when the store alleged to have been broken into was entered. The corroboration required by the section of the Code cited must be of some fact connecting defendant with the crime which will strengthen or make stronger the testimony of the accomplice. Segars v. State, 19 Ala. App. 407, 97 So. 747; Wallis v. State, 18 Ala. App. 108, 90 So. 35.

Everything testified to by the state's witnesses as to defendant's being in the village and what he did may have been true, and still there was nothing in this testimony to connect defendant with the crime. There were some other facts and circumstances reflecting on defendant's character and his standing in the community. These facts tended to impeach defendant's testimony, but none of them could be considered as connecting defendant with the crime charged.

The defendant was entitled to the general charge as requested, and for the error in its refusal the judgment is reversed, and the cause is remanded.

Reversed and remanded.