85 So.2d 156

Hazen Culver DIXON

v.

STATE.

1 Div. 699.

Court of Appeals of Alabama.

Jan. 31, 1956.

396

W. C. Taylor, Mobile, for appellant.

John Patterson, Atty. Gen., and Robt. P. Bradley, Asst. Atty. Gen., for the State.

HARWOOD, Presiding Judge.

The indictment against this appellant charged that he did, with intent to steal, break and enter the shop of Dr. R. B. Poidevant, in which goods, wares, etc., were kept.

His jury trial resulted in a verdict of guilty, and judgment was entered pursuant to the verdict.

Appellant's motion for a new trial being overruled, an appeal was perfected to this court.

While cruising in the early morning of 22 December 1954, two policemen of the City of Mobile observed that a window had been broken in the optometrical shop of Dr. R. B. Poidevant. Stopping to investigate they heard a noise in the shop and the sound of breaking glass in the front thereof. Running to the front of the shop they saw the appellant therein.

The glass in the front door had been broken out.

Pulling their guns they arrested the appellant. Searching him they found upon him four dollars and eighty cents in stamps, four fountain pens, a number of pencils, and four or five dollars in small coins.

After the appellant had been handcuffed, and the officers had replaced their guns, the officers and appellant went into the office of the shop where the appellant made certain statements.

The predicate of voluntariness having been shown, Officer Walters was permitted to testify, over appellant's objection, that the appellant had told them that the articles

above mentioned as having been found on him, were obtained by him in the shop. He further stated that he "was going to get his wife a Christmas present and had to have a little change."

On cross examination Officer Walters testified that he smelled alcohol on appellant's breath, but it was hardly noticeable, and while appellant had been drinking he was not drunk. Walters further testified that the appellant, during this conversation, did not say anything about having just driven cars from Detroit, Michigan, nor of having taken benzadrine tablets on such drive in order to stay awake.

D. C. Poidevant testified that the title to the optometry business operated in the shop was in his wife, Dr. R. B. Poidevant; that he had placed approximately $5 in small coins in a piggy bank which was broken when he arrived at the shop on the night of the alleged burglary.

The defense evidence was directed toward showing that the appellant was so drunk at the time of the alleged offense as to have been incapable of entertaining the required intent.

As a witness in his own behalf the appellant testified he had been driving a truck from Detroit, Michigan, to Mobile for two days and nights, stopping only to eat and replenish the gasoline. In order to remain awake he had taken several benzadrine tablets on this trip.

Upon his arrival in Mobile he repaired to a restaurant and drank a fifth of whiskey and about fifteen cans of beer.

■ The voluntary character of the statements made by appellant to the officers at the time of his arrest being shown, they were properly admitted into evidence. The fact that the officers had placed handcuffs upon the appellant at the time cannot be deemed to have affected the voluntary character of the statements. After this indicated procedure, the prisoner and the two officers repaired to the office of the shop where, so far as is disclosed by the record, the appellant freely made his confessory statements. Having been caught red handed in the shop, no suspicion attaches to his free talking. Certainly there is no evidence that coercion was exercised in order to get him to talk.

The law concerning the admission of confessions is now too well understood to require reiteration. It has again been summarized in the fairly recent case of Fitzhugh v. State, 35 Ala.App. 18, 43 So.2d 831.

Further, under the adduced facts, the appellant's statements were admissible as part of the res gestae. Tillison v. State, 248 Ala. 199, 27 So.2d 43.

During the cross examination of the appellant he was asked if he had not been found guilty of petit larceny in Florida in 1954.

To this question the appellant replied:

"No sir, I was not convicted of petit larceny; I was arrested for petit larceny in Kissimee, Florida, and I made bail, bond, fifty dollar bond, and got out of jail down there and the people said that I didn't have to come back, the fifty dollars would just about be the fine, and I haven't been in Florida for quite a while."

A series of questions were then addressed to appellant seeking testimony as to the transaction in Florida. At one point the appellant stated he had been fined $50, but later said he had posted a $50 bond. At this point the record shows the following:

"By Mr. Taylor: Will the court instruct the jury not to consider that.

"By the Court: You will not conside that; it is only in the case of a conviction involving moral turpitude.

"By Mr. Taylor: I again would like to renew my motion to declare a mistrial. The Court refused the motion, and Defendant reserved an exception to the ruling of the Court."

■ The showing of a prior conviction for an offense involving moral turpitude, in order to discredit a witness may be shown by examining the witness himself, or

398

by a properly certified copy of the record thereof. Wright v. State, ante, p. 64, 79 So.2d 66.

■ The question directed to the appellant touching his prior conviction was a proper one. His confused and ambiguous reply justified the succeeding questions seeking to clarify his true status in reference to the Florida proceedings. Certainly the court's action in excluding this evidence, upon the appellant's later statement that he had posted a bond rather than suffering a conviction, precludes the finding of error in this instance.

During the cross examination of appellant's character witness, Mr. E. M. Rhea, he was asked if he had heard of appellant's prior arrest in 1954. Appellant's objection to such question, founded on general grounds only, was overruled. The witness replied in the negative.

■ The question is lacking in specificness. However, only general grounds being assigned to the objection, this instance is within the doctrine of Mullins v. State, 31 Ala.App. 571, 19 So.2d 845, to the effect that a character witness may be examined as to whether he has not heard of certain unworthy acts by the accused, such evidence going to the credibility and sincerity of the character witness.

During the cross examination of a second character witness, Mr. Walker, the court overruled appellant's objection, based on general grounds only, as to whether he knew that appellant had been arrested in 1954. The witness answered in the negative. The question of course should have inquired as to what the witness had heard, instead of what he knew.

■ However, pretermitting other possible considerations, the error, if any, was rendered harmless by the negative answer. Hamlett v. State, 19 Ala.App. 218, 96 So. 371; McClendon v. State, 21 Ala.App. 494, 109 So. 526; Moomaw v. State, 24 Ala.App. 459, 137 So. 40; Shouse v. State, 36 Ala. App. 614, 63 So.2d 722. This doctrine is also equally applicable in regard to the question addressed to the character witness Rhea.

At the conclusion of the defense evidence counsel for the defense stated he would like to make a showing for an absent witness who had been subpoenaed, but who was reported by the sheriff to be sick in bed.

The State objected to such showing and the court sustained the objection.

■ No request for a continuance had been made prior to entering upon the trial, nor had any motion for a showing because of an absent witness been made at the trial's inception.

Under such circumstances the court properly sustained the State's objection to the attempted showing.

■ Appellant's requested charge 1 was refused without error inasmuch as the principle sought to be enunciated was more clearly covered in the court's oral charge.

Requested charge 3 was likewise covered in the court's oral charge.

■ Requested charge 2, being affirmative in nature, was properly refused under the developed evidence.

The unnumbered refused charge was properly refused, it being confusing and misleading.

Affirmed.