239 So.2d 226

Larry Allen STEIDL

v.

STATE.

4 Div. 16.

Court of Criminal Appeals of Alabama.

Nov. 25, 1969.

On Rehearing June 23, 1970.

Rehearing Denied Sept. 1, 1970.

L. A. Farmer, Jr., J. R. Herring, Dothan, for appellant.

MacDonald Gallion, Atty. Gen., and Robert E. Morrow, Asst. Atty. Gen., for the State.

CATES, Judge.

Steidl appeals from his conviction of grand larceny for the felonious taking, etc., from "a storehouse" of money which consisted of coins from a machine in a coin-operated laundry owned by one Clayton Johnson.

I

The instant indictment rests upon Code 1940, T. 14, § 331 (which, in pertinent part, has consolidated Sections 3170, 3171 and 3172 of the Code of 1852), the provisions of which § 331 here relevant read:

"Any person who steals * * * any personal property of the value of five dollars or more * * * from or in any storehouse * * * shall be guilty of grand larceny, and, on conviction, shall be imprisoned in the penitentiary for not less than one nor more than ten years." [1]

---

1. "Storehouse" in various dictionaries seems confined to "a building which goods are stored" (Oxford, Vol. X, p. 1036), "—for storing goods, esp. provisions" (Webster's New Int. 2 Ed., p. 2486), "—for storing goods (as provisions)" (Webster's New Int. 3 Ed., p. 2252), "—in which things are stored" (Random House unabr., p. 1402). Cases bearing on this problem of definition are Jefferson v. State, 100 Ala. 59, 14 So. 627; Gaskin v. State, 42 Ala.App. 290, 161 So.2d 503. See also Hagan v. State, 52 Ala. 373; Green v. State, 68 Ala. 539; Henry v. State, 39 Ala. 679; Moore v. State, 40 Ala. 49; Case v. State, 26 Ala. 17. Compare Stuckey v. State, 28 Ala. App. 83, 180 So. 116 and Commander v. State, 28 Ala.App. 42, 178 So. 241.

Since the indictment of instant concern describes the laundry as only a "storehouse," proof of its use as such was requisite. We consider it fair to infer that the coins, as well as the clothes of the patrons of the emporium, were "stored" there.

## II

The State's case (the defendant offered no witness) consisted principally of the testimony of an accomplice, one Johnny Aubrey Stewart, who was indicted for the same offense. Stewart testified that on the night of October 21, 1968, he and the defendant, along with Phillip Dickerson, went to the coin-operated laundry which remained open twenty-four hours a day and that the three of them broke into a drink box and then tore one of the "machine changers" off a washing machine, thereby getting three bottles of Coca Cola and $7.50 worth of change.

Stewart's testimony as an accomplice was corroborated by a bank teller who testified that Stewart drove up to a drive-in teller's window at the City National Bank in Dothan with a certain amount of money in coins in a paper wrapper to be changed for paper currency. Also, a search of Steidl's home yielded corroborating articles.

Error is claimed in that, over objection, direct examination of Stewart brought out that the trio also went to Graceville, Florida the same night and broke and entered a beer joint there—Steidl and Dickerson returned to the car with sacks of potato chips, pork skins, some handkerchiefs and money. The State offered this evidence under the claim that it was for the strictly limited purpose of identity, citing Whitehead v. State, 16 Ala.App. 427, 78 So. 467 and Gilmer v. State, 31 Ala.App. 347, 17 So.2d 456.

The transcript of evidence shows a variant version of the *time* and *manner* in which the trial judge's ruling was elicited:

"Q What, if anything, did you and this defendant do on the night of October 21, 1968?

"A Well, we rode around Dothan pretty late and went to Graceville, Florida. Then, out—some beer joint and I put him off and come back later and they got back in the car.

"Q Who is, 'They' now?

"A Him and Phillip Dickerson.

"Q That's this defendant and Phillip Dickerson?

"A Yes, sir.

"Q What, if anything, did they have when they got back?

"A Potato chips—and skins, handkerchiefs, and some money.

"Q Was the beer joint closed?

"A Yes, sir.

"MR. FARMER: Now, if the Court please, we move to exclude that evidence along the line of something that took place in the State of Florida.

"THE COURT: Yes, I—

"MR. BAXLEY: Your Honor, we are offering—

"THE COURT: I sustain that—

"MR. BAXLEY: We are offering this for a strictly limited purpose, and we offer it solely for the purpose to prove at a subsequent time the identity of this defendant by connecting certain things up and to prove a chain of circumstances. And that's the only reason that we offer this other testimony. We offer it on the authority of Whitley vs. The State [37 Ala.App. 107, 64 So.2d 135], and the authority of Gilmer vs. The State and the very recent decision of Leo Crumley vs. The State [44 Ala.App. 692, 220 So.2d 862], and we limit it for that purpose and that purpose alone.

"MR. FARMER: And we renew our motion.

"THE COURT: And you limit it for the purpose of showing a chain of circumstances?

"MR. BASLEY: A chain of circumstances and the identity of this defendant. That is the only purpose for which we offer it.

"THE COURT: And the identity of the defendant?

"MR. BAXLEY: Yes, sir.

"THE COURT: And that is the purpose for which you offer it?

"MR. BAXLEY: Yes, sir.

"THE COURT: I will overrule your objection."

 We think (a) the ground "of something that took place in the State of Florida" raised no legal point of objection; and (b) the motion to exclude (made after question and answer were in) was too late. See Ala.Dig., Trial ⊚⥽76 and Crim. Law ⊚⥽696(5). We forego discussion of any question under Mason v. State, 259 Ala. 438, 66 So.2d 557, 42 A.L.R.2d 847.

We have carefully considered this entire record under Code 1940, T. 15, § 389. The judgment below is

Affirmed.

### On Rehearing

CATES, Judge.

Appellant argues that the testimony of Virginia Massey, the bank teller, does not, under Sorrell v. State, 249 Ala. 292, 31 So.2d 82, connect Steidl with the commission of the offense.

The testimony of Virginia Massey showed that on Monday, October 22, 1968, Stewart drove up to her window at the City National Bank in Dothan. Two other boys were with him, at least one sitting on the front seat. No proof was made as to the time of day.

She testified, in part:

"A They had some silver rolled and they wanted to exchange it for currency. And I gave them back a roll of each that he gave me and asked him to write his name and address on there; and he was—Stewart was driving the car and he gave it to the boy who was sitting in the front seat and he wrote a name and address on it and gave it back to me.

"Q What name and address did they write?

"A Tom Smith, Appletree Street.

"Q And there were three boys together?

"A Right.

"Q And did you give them some money for the silver that they had rolled and swapped in to you?

"A Yes, sir.

"MR. BAXLEY: Your witness.

"CROSS EXAMINATION

"by Mr. Farmer:

"Q You say you recognized the driver?

"A Right.

"Q As the one that was just in here?

"A Right.

"Q But that is the only one?

"A Right."

The State did not attempt to produce the coin wrappers with "Tom Smith, Appletree Street" written on them.

The search of Steidl's house revealed "assorted coin wrappers" as well as objects tending to bolster Stewart's testimony as to the Florida breaking and entering. On objection, the trial judge refused to admit into evidence State's Exhibit No. 2, the bundle of wrappers found by the witness, Garvious Snellgrove, when he searched Steidl's house.

All that Snellgrove's testimony established was that he found a bundle of coin wrappers. No description was given of

them and the jury had no means of comparing these with the wrappers used to make the rolls of silver which Stewart turned in to the City National Bank.

Wisely or not, our statute on the required corroboration of the testimony of an accomplice states:

"A conviction of felony cannot be had on the testimony of an accomplice, unless corroborated by other evidence tending to connect the defendant with the commission of the offense; and such corroborative evidence, if it merely shows the commission of the offense or the circumstances thereof, is not sufficient." Code 1940, T. 15, § 307.

The possession of the coin wrappers on the record before us fails in any way to connect Steidl with the commission of the charged offense.

*Sorrell,* supra, sets out that connective corroboration must be of:

a) Fact (or circumstance) of substantive character;

b) Fact (or circumstance) tending to prove guilt;

c) Fact (or circumstance) which is unequivocal (and certain) in character (i. e., inconsistent with the innocence of accused); and

d) Fact (or circumstance) tending legitimately to connect defendant with crime (i. e., that which raises more than a mere suspicion of guilt).

The opinion adopted the following conceptual analysis:

"* * * first * * * *eliminate the evidence of the accomplice* and then, if upon examination of all the other evidence there is sufficient inculpatory evidence tending to connect the defendant with the commission of the offense, there is sufficient corroboration." 249 Ala. at 293, 31 So.2d at 83. (Italics added).

The *Sorrell* opinion winds up:

"True, there are circumstances in the case which might be calculated to arouse the curious mind to wonder why they occurred, if defendant were wholly innocent of wrongdoing, but when considered in the light of the governing principles of law above deduced, it is clear the evidence was wanting in the legal requisites necessary to sustain the conviction. The conviction rested on surmise, speculation and conjecture, and the ends of justice require us to enter a reversal * * *."

See also Kemp v. State, 24 Ala.App. 591, 139 So. 437; Commander v. State, 28 Ala. App. 42, 178 So. 241; Evans v. State, 42 Ala.App. 587, 172 So.2d 796; Berry v. State, 43 Ala.App. 60, 179 So.2d 428; Cooper v. State, 43 Ala.App. 385, 191 So. 2d 224; King v. State, 44 Ala.App. 119, 203 So.2d 466; Anderson v. State, 44 Ala.App. 388, 210 So.2d 436; Haun v. State, 44 Ala. App. 675, 219 So.2d 906; Smith v. State, 45 Ala.App. 63, 223 So.2d 605; Dobbins v. State, 45 Ala.App. 190, 227 So.2d 820.

In Davis v. State, 283 Ala. 686, 220 So. 2d 860, the opinion states:

"The opinion of the Court of Appeals then discusses at length the probative value of the showing of the bare possession of money by an accused, without more, and apparently concludes that the evidence of Moore's possession of money in a paper sack the day following the burglary, standing alone, was insufficient to connect Davis with the burglary. With this conclusion, we are likewise in accord. It would seem that these conclusions by the Court of Appeals would have necessitated a reversal of the judgment, since Moore's testimony was the only remaining evidence."

Accordingly, it follows that we on original deliverance should have declared that the trial judge should have granted the defendant's motion to exclude all the State's evidence and to discharge the de-

fendant made immediately after the State rested its case.

The application for rehearing is granted; the judgment of affirmance is set aside; and the judgment of the Circuit Court is reversed and the cause there remanded for trial de novo.

Reversed and remanded.