Robbery in the third degree; sentence: five years' imprisonment.
Appellant contends that the State failed to present sufficient evidence to sustain his conviction beyond the uncorroborated testimony of an accomplice contrary to §12-21-222, Code of Ala. 1975. We agree.
Charles Skanes entered a store, the Western Station, in Florala, Alabama, around 8:30 p.m. on July 18, 1980, and asked Mary Williams, the attendant, for two cartons of cigarettes. Skanes followed her into the storeroom where she was procuring the cigarettes and proceeded to severely beat her with a tire tool. Two Lockhart, Alabama, policemen unwittingly drove up to the Western Station to buy a pack of cigarettes and noticed Skanes exiting the station. Skanes was alone. Shortly thereafter, the two policemen saw a lone man driving a blue Ford pickup truck from the back of the station without any lights on. Within minutes, however, Skanes returned in the pickup truck to the scene of the crime "crying" and "hollering" and gave himself up to the police.
Skanes, who was incarcerated for first degree assault arising from this incident, was the State's principal implicating witness at appellant's trial. Skanes testified that early in the morning of July 18 he and Willie Toles discussed robbing the Western Station. Between 6:00 and 8:00 p.m. that night he met with Toles and the appellant outside a local cafe. Skanes explained that Toles instructed him to ask the station attendant for cartons of cigarettes so that she would have to leave the counter to go into the storeroom, thereby giving Toles and the appellant the opportunity to come in and rob the station.
Skanes, who stated that he was "tripped out" that night on cocaine and beer, arrived alone at the Western Station in his pickup truck. He testified that Toles and the appellant were together in Toles's car parked at a curb market about an eighth of a mile away from the station. Skanes said that when Williams turned around to go into the storeroom Toles and the appellant walked up to the door of the Western Station and Toles handed Skanes the tire tool from Skanes's truck.
The victim of the assault, Mary Williams, stated that the only person she saw or heard during the incident was Skanes. Janet Weeks, who worked at another store, the Zippy Mart in Florala, testified that between 8:10 and 8:15 p.m. on the same evening Skanes drove up in a blue pickup truck and came into her store to buy gasoline. About the same time Toles and the appellant drove up behind Skanes's truck in a Chrysler Cordoba. Appellant and Toles ran up to the store, came inside, looked around a few minutes and made some small purchases. After putting gasoline in his truck, Skanes drove off. Appellant and Toles left immediately thereafter in their car, behind Skanes. *Page 170 
Appellant did not testify, but presented several witnesses from the Laurel Hill, Florida, community located approximately twelve miles from the Western Station. These witnesses placed appellant jogging, visiting friends, and socializing in a local disco in their community at various times that night when the appellant allegedly planned and committed the crime. Appellant was indicted for robbery in the first degree. His attorney moved to exclude the State's evidence and later filed a motion for a new trial based upon the lack of evidence incriminating the appellant beyond the uncorroborated testimony of Charles Skanes.
In Alabama an accused may not be convicted on the uncorroborated testimony of an accomplice. Section 12-21-222, Code of Ala. 1975. Our courts have consistently adhered to the following rule set forth in Sorrell v. State, 249 Ala. 292,293, 31 So.2d 82 (1947):
 "The corroboration necessary to support the testimony of an accomplice must be of some fact tending to prove the guilt of the accused. It is not sufficient if it is equivocal or uncertain in character and must be such that legitimately tends to connect the defendant with the crime. It must be of substantive character, must be inconsistent with the innocence of the accused and must do more than raise a suspicion of guilt. . . ."
See also Lindhorst v. State, 346 So.2d 11 (Ala.Cr.App.), cert.denied, 346 So.2d 18 (Ala. 1977); Kimmons v. State,343 So.2d 542 (Ala.Cr.App. 1977); Anderson v. State, 44 Ala. App. 388,210 So.2d 436 (1968).
Whether such corroborative evidence exists is a question of law to be resolved by the trial court, its probative force and sufficiency being questions for the jury. Thompson v. State,374 So.2d 377 (Ala.Cr.App. 1978), affirmed, 374 So.2d 388 (Ala. 1979); Miller v. State, 290 Ala. 248, 275 So.2d 675 (1973). The requisite corroboration must be determined by a process of elimination or subtraction. McCoy v. State, 397 So.2d 577
(Ala.Cr.App.), writ denied, 397 So.2d 589 (Ala. 1981); Woods v.State, 387 So.2d 313 (Ala.Cr.App. 1980); Peacock v. State,369 So.2d 61 (Ala.Cr.App. 1979). "That is, the trial court, on proper motion, as a matter of law is required to take away the evidence of the accomplice(s) and determine whether the rest of the testimony is sufficient to tend to connect the defendant with the commission of the offense." Kimmons, supra at 546;Keller v. State, 380 So.2d 926 (Ala.Cr.App.), writ denied,380 So.2d 938 (Ala. 1980).
Since Skanes's admitted participation in the crime renders him an accomplice as a matter of law, Craig v. State,376 So.2d 803 (Ala.Cr.App.), writ denied, 376 So.2d 807 (Ala. 1979), corroborative evidence is required here. When we disregard Skanes's testimony, the only evidence which remains for the purpose of connecting the appellant with the offense is the testimony of Janet Weeks. Fifteen minutes before the crime occurred, she observed appellant and Toles drive up to the store in a car just after Skanes arrived in a pickup truck. She saw Skanes make some gesture which is only described in the record as being "something like this. (indicating with hand)." What the gesture was or who, if anyone, it was intended for is left to speculation. However, the three did not enter the store together, nor did Ms. Weeks proffer any testimony that they acted as a trio while inside the store talking or associating with each other. She added that "Mr. Toles and Mr. Caldwell got into the Chrysler directly behind the truck. They left in behind each other." Assuming Janet Week's testimony was sufficient for the jury to infer that appellant was with Skanes at the Zippy Mart rather than being in the store separately but at the same time, still more is required for corroboration.
Being in the company of an accomplice in proximity in time to the commission of the crime is not always sufficient corroboration to comply with statutory demands. Kimmons, supra.
Rather, when an accomplice and an accused are seen together in somewhat unusual places and times in proximity to the locus of the crime, which occurs at an unreasonable hour, the requirements of corroboration are met. Senn v. *Page 171 State, 344 So.2d 187 (Ala.Cr.App. 1976), reversed,344 So.2d 192 (Ala. 1977); Kimmons, supra. When the circumstances of time and place are not unusual other facts and circumstances, however slight, connecting the accused to the crime must be adduced to support the testimony of the accomplice in addition to or in conjunction with those of proximity, chronologically and geographically, to the alleged offense. Ward v. State,376 So.2d 1112 (Ala.Cr.App.), writ denied, 376 So.2d 1117 (Ala. 1979); Craig, supra; Lindhorst, supra.
Here, no additional corroborative facts were presented, such as: the flight of the accused, escape of the accused, suspicious conduct of the accused, or testimony of the accused tending to corroborate that of the accomplice. Here, we have only the testimony of Janet Weeks showing that appellant and Toles arrived at her store at about the same time as Skanes and departed immediately behind Skanes. The time was close to the subsequent crime in question, but neither the place nor time was unusual. Therefore, we find that appellant was convicted upon the uncorroborated testimony of an accomplice. Because appellant's motion to exclude the State's evidence should have been granted, a second trial is barred by the double jeopardy clause of the constitution. Burks v. United States, 437 U.S. 1,98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); Greene v. Massey,437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978).
REVERSED AND RENDERED.
All the Judges concur.