HUBERT TAYLOR, Judge.
Appellant, Loder Lowe Bowdoin, was convicted of arson in the second degree and sentenced to life in prison based on the Habitual Felony Offender Act.
Bowdoin contends there was no evidence that would have corroborated the testimony of the State’s chief witness, an accomplice. The facts relied on by the State as corroborating evidence are as follows:
(1) The accomplice had on his person a key to Bowdoin’s house and a napkin with Bowdoin’s phone number when he was arrested immediately after the arson;
(2) Bowdoin and the accomplice, Graham, were seen together at the Omelet Shoppe three or four days before the fire;
(3) Graham and Bowdoin were seen to- ■ gether the day before the fire; '
(4) Mortgage payments were due on the property;
(5) The property was insured;
(6) The house was nearly empty of personal property;
(7) The property was commercially zoned and was more valuable without the house than with it;
(8) Bowdoin had expressed a desire to remove the house from the property.
McCoy v. State, 397 So.2d 577 (Ala.Cr.App.1981), contains an excellent discussion of the factors involved in this type of case, and is remarkable in its similarity to the present case. The distinguishing facts in the case sub judice are: (1) that the accomplice had a key to the house on his person when arrested rather than having disposed of the key prior to arrest; (2) the accomplice and Bowdoin were seen together in public places approximately four days before the fire and again one day before the fire; and (3) an ambiguous statement by a third party that would go to Bowdoin’s motive. At first glance, the phone number on the napkin may seem significant but, as McCoy indicates, this would amount only to an out-of-court statement by the accomplice, which could not be considered.
Generally, the fact that Bowdoin and the accomplice were seen together prior to the crime is not sufficient corroboration. Senn v. State, 344 So.2d 192 (Ala.), on remand, 344 So.2d 194 (Ala.Cr.App.1977); Caldwell v. State, 418 So.2d 168 (Ala.Cr.App.1981). Bowdoin and Graham were seen together by a police officer in an Omelet Shoppe three or four days prior to the fire. The *912 police officer sat with them. Graham’s girlfriend then testified that she saw them together in the Grahams’ backyard the day before the fire. In this case, the circumstances surrounding the association of Bowdoin and Graham were not in themselves unusual and could not be used as corroborative evidence.
The key found in Graham’s pocket was “non accomplice evidence confirmatory of the way and manner in which the crime was committed but which is colorless and neutral insofar as appellant’s connection with the crime is concerned _” Lindhorst v. State, 346 So.2d 11, 13 (Ala.Cr.App.1977). Here, the State’s witness testified that the key was obtained for a reason totally unconnected with the arson. Graham testified, on cross examination, that he was self-employed as an exterminator, and that he had the key to Bowdoin’s house in order to spray for fleas. Based on the evidence presented at trial, the innocent nature of the possession of the key was just as probable as an inference of guilt.
“Corroborative evidence must be of a substantive character, must be inconsistent with the innocence of the defendant and do more than raise a suspicion of guilt.... Evidence which logically and rationally is as consistent with innocence as with guilt does not corroborate the testimony of an accomplice.” 397 So.2d at 588.
Lastly, the testimony by the third party regarding Bowdoin’s wish to have the house removed is also of little value to the State. Although there had been a stipulation to the effect that the property in question would be worth more without the house, the banker actually testified that it would be worth more with the house. The banker also indicated that he had a conversation with Bowdoin concerning the removal of the house. His testimony about this conversation, however, was so vague and incomplete as to provide no inference of motive. Even assuming that it did, motive and suspicion would not suffice to corroborate the accomplice’s testimony. As Judge Bowen said in McCoy, supra, at 588, “Suspicion cannot be heaped upon suspicion to create a reasonable inference of guilt.”
The judgment of the lower court is reversed.
REVERSED AND RENDERED.
All the Judges concur.