BOWEN, Presiding Judge.
In 1981, Willie Toles, Jr. was convicted of robbery and sentenced to twelve years’ imprisonment. The primary witness against him at trial was Charles Dewayne Skanes, an admitted accomplice. At trial and on appeal, Toles’s counsel argued the lack of evidence corroborating Skanes’s testimony. Toles’s conviction was affirmed by this court without opinion on October 6, 1981, 416 So.2d 1119.
In a companion case arising out of the same facts, Delacy Caldwell was also convicted of robbery based on the testimony of Charles Dewayne Skanes. On appeal, Caldwell’s attorney (the same attorney who represented Toles) argued the corroboration issue and won. Caldwell’s conviction was reversed and rendered in Caldwell v. State, 418 So.2d 168 (Ala.Cr.App.1981).
Toles now appeals from the denial of his petition for writ of error coram nobis demanding relief because the same evidence judicially determined to be insufficient corroboration of Skanes’s testimony in the Caldwell trial was presented at his own trial. Toles also claims his counsel was ineffective for failing to discover the existence of two purportedly contradictory written statements to Covington law enforcement officials by Skanes.
I
Briefly stated, the Skanes testimony at both the Caldwell and Toles trials was as follows: Skanes entered a store, the Western Station, in Florala, Alabama, at 8:30 p.m. on July 18, 1980, asked the clerk for two cartons of cigarettes and, as she left the counter to get the cigarettes from a storeroom, Toles and Caldwell walked up to the door and handed Skanes a tire tool. Skanes then assaulted the clerk with the tire tool, locked her in the storeroom and left. The clerk testified, however, that Skanes was the only person she saw or heard during the incident, so her testimony could not corroborate the evidence given by Skanes.
In both cases, the State relied on the testimony of Ms. Janet Evans Weeks for corroboration. Ms. Weeks was the clerk of another convenience store, the Zippy Mart, in the area. She testified that on the same night, in fact fifteen minutes before the assault at the Western Station, all three of the co-defendants (Skanes, Caldwell and Toles) were in her store. Skanes pulled into the parking lot first and, immediately behind his vehicle, Caldwell and Toles arrived. Skanes came into the Zippy Mart *1005 first, and then Toles and Caldwell ran across the parking lot and entered by another door. Caldwell and Toles paid for snacks and Skanes bought gas. At the Caldwell trial, Ms. Weeks stated that the three men “stood in the store for a few minutes and then they walked over to a Coca-Cola display that we had right in the middle of the floor and stood there for a couple of minutes. And they left.”
At the Toles trial, Ms. Weeks made the following statement: “[W]e have a Coca-Cola display right in the middle of the floor, and all three of them went to the end of this and discussed something and left.” At both trials, Ms. Weeks noted the fact that she was not alone in the Zippy Mart when the three men arrived. There was another customer, a truck driver, in the store at the time, the inference being that Ms. Weeks would have been robbed had the three co-defendants found her alone.
Writing for this court in Caldwell v. State, supra, Judge Bookout determined that Ms. Weeks’s testimony did not sufficiently connect the co-defendant Caldwell to the later robbery because “the three did not enter the store together, nor did Ms. Weeks proffer any testimony that they acted as a trio while inside the store talking or associating with each other.” 418 So.2d at 170.
In contrast to Ms. Weeks’s testimony at the Caldwell trial, we find that her statement in the Toles trial that the trio discussed something at the Coca-Cola display clearly points to the fact that the three were acting in concert. Furthermore, despite certain language in Caldwell v. State implying that even if the three had been acting together at the Zippy Mart, that fact would not have corroborated Skanes’s account of the Western Station robbery, it is our judgment that Skanes’s testimony was corroborated in the Toles trial.
“The corroborative evidence need not be strong, nor sufficient of itself to support a conviction, the criterion being that it legitimately tend to connect the accused with the offense.” Andrews v. State, 370 So.2d 320, 322 (Ala.Crim.App.), cert. denied, Ex parte Andrews, 370 So.2d 323 (Ala.1979). Circumstantial evidence may be used to connect the defendant with the criminal enterprise about which the accomplice has testified. Mathis v. State, 414 So.2d 151, 155 (Ala.Crim.App.1982). “Circumstantial evidence is said to be the inference of a fact in issue which follows as a natural consequence according to reason and common experience from known collateral facts.” Mathis v. State, supra at 155 (quoting from Dolvin v. State, 391 So.2d 133, 137 (Ala.1980)).
Here, the inference that Toles was a participant in the Western Station robbery follows from the collateral fact that he and Caldwell ran across the parking lot to enter and “case” the Zippy Mart with Skanes and, not finding the clerk alone there, left to find a more advantageous target.
II
Toles also contends that, had his trial counsel moved for production of any written statements by Skanes, the attorney would have been able to cross-examine Skanes regarding the alleged discrepancies in the two confessions. The record clearly shows, however, that trial counsel was aware of Skanes’s contradictory accounts of the robbery; he simply did not know the statements had been reduced to writing. At Toles’s trial, defense counsel did attempt to impeach Skanes with the inconsistencies in his prior statements.
In any event, even if counsel had had the benefit of having Skanes’s written confessions before him at Toles’s trial, we do not believe the impeachment would have prevented Toles’s conviction. “The defendant must show that there is a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different.” Strickland v. Washington, — U.S. —, 104 S.Ct. 2052, 2068, 80 L.Ed.2d 674 (1984).
The order of the circuit court is affirmed.
AFFIRMED.
All Judges concur.