Bill M. Booker was indicted for conspiracy to commit robbery in violation of § 13A-4-3, Code of Alabama 1975. The jury found the appellant "guilty as charged in the indictment" and the trial judge set sentence at eight years' imprisonment in the penitentiary.
Campbell Kyle testified he was employed at Harco Apothecary in Andalusia, Alabama *Page 1389 
on June 17, 1982. At approximately 9:00 or 9:30 a.m. three armed men came in the store and "held" him up. Two of the men wore stocking masks and the other man wore a green ski mask. The men put drugs in a bag and left. Kyle saw the men get in a white over blue Chrysler driven by another man whom he later identified as Roy Gene Phillips. The car left and Kyle obtained the tag number. Kyle later went to Florida and identified the "getaway car".
Glen Chambers, the Sheriff of Covington County, Alabama and Rick Cotton, an officer with the Santa Rosa, Florida Sheriff's Department stated they went to the appellant's house on June 17, 1982. Upon their arrival, two men ran out of the appellant's house. The two men were captured in the woods and were identified as Tim Lowery and Roy Gene Phillips. A car which fit the description of the "getaway car" was found parked near the appellant's house. The keys to the car were found in Phillips' pocket. Inside the car, a green ski mask was found.
When Cotton went into the appellant's house, the appellant was shelling beans with his wife and Lowery's wife. The appellant said the car parked near his house did not belong to him and that he had been in Milton, Florida that morning.
Tim Lowery and Roy Gene Phillips testified that on June 15, 1982 they had a conversation in the appellant's yard with Ricky Spears, Ronnie Smith and Calvin Phillips about robbing a pharmacy in Andalusia. On that same day, Lowery and the appellant drove by Harco Apothecary to look the place over. They then returned to the appellant's house in Florida.
On June 17, 1982, Roy Gene and Calvin Phillips, Keith and Ricky Spears and Ronnie Smith left Florida in the Dodge car to go to Andalusia. The appellant and Lowery followed them until close to the Florida line. Upon their arrival at the Harco Apothecary, Smith and Spears went into the store and robbed it. When they left the store, they met with the appellant and Lowery and followed them back to the appellant's house in Florida. On the way they passed by a school.
Smith and the appellant then went into the woods and inventoried what was taken in the robbery. Then Calvin Phillips, Smith and the Spears left in the truck. When the police arrived, Phillips and Lowery ran out of the appellant's house and were caught.
Lowery pled guilty to conspiracy to commit robbery and Phillips pled guilty to robbery in the second degree.
Gerald Padgett testified that he was at the Pleasant Home School on the morning of June 17, 1982. At some point, he saw a white over blue car and a blue pickup truck drive by the school. He identified the appellant as the driver of the truck but couldn't identify anyone in the car.
Mary Douglas testified she lives near the Pleasant Home School. Around 10:00 a.m. on June 17, 1982, she saw a blue and white car and a pickup truck drive by her house. She was unable to identify anyone in the car or the truck.
Harley Phillips testified that he lives in Milton, Florida and knows the appellant. On the morning of June 17, 1982, he helped the appellant start his car in Milton.
 I
The appellant contends his conviction is due to be overturned on the ground that his conviction is based on the uncorroborated testimony of two accomplices.
Section 12-21-222, Code of Alabama 1975 states:
 "A conviction of felony cannot be had on the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the commission of the offense, and such corroborative evidence, if it merely shows the commission of the offense or the circumstances thereof, is not sufficient."
The question before this court is whether the evidence presented by the State, excluding the testimony of Phillips and Lowery, legitimately tends to connect the appellant with the conspiracy to commit the robbery. *Page 1390 Staton v. State, 397 So.2d 227 (Ala.Crim.App.); cert. denied,397 So.2d 232 (Ala. 1981).
After eliminating the testimonies of Phillips and Lowery from our consideration, we must briefly reiterate the State's evidence to determine if there was sufficient evidence of corroboration.
A robbery of the Harco Apothecary was committed by three armed masked men on June 17, 1982. One of the men wore a green ski mask. The three men left in a white over blue Chrysler driven by another man. None of the robbers was identified as the appellant.
Later that day police officers from Florida and Alabama went to the appellant's house. The vehicle identified as the "getaway car" was found parked in close proximity to the appellant's house. Inside the car, a green ski mask was found.
Immediately after the officers arrived two men, Phillips and Lowery, ran out of the appellant's house and were caught in the woods. The "getaway car" did not belong to the appellant and the keys to it were found in Phillips' pants pocket.
The appellant was found inside his house shelling beans with his wife and Lowery's wife. He told the officers he had been in Milton, Florida that morning.
Two witnesses testified they saw a white over blue car following a pickup truck drive by the Pleasant Home School on the morning of June 17, 1982. One of the witnesses identified the driver of the truck as the appellant.
In light of all of the evidence presented by the State, excepting the accomplices' testimonies, the only evidence of corroboration was that Phillips and Lowery were in the appellant's house after the robbery and that a white over blue car was seen following the appellant in a pickup truck on the morning of the robbery.
While corroborating evidence need not be strong, it ". . . must be of substantive character, must be inconsistent with the innocence of a defendant and must do more than raise a suspicion of guilt." McCoy v. State, 397 So.2d 577
(Ala.Crim.App.), cert. denied, 397 So.2d 589 (Ala. 1981).
Based on our review of the evidence, we do not find that the corroborating evidence was sufficient to connect this appellant to the conspiracy to commit the robbery.
First of all, there was no evidence that the white over blue car seen following the pickup truck driven by the appellant was the car identified as the "getaway car" and the car which was parked near the appellant's house. Secondly, the fact that Phillips and Lowery were seen running out of the appellant's house on the day of the robbery is not sufficient corroboration for the purposes of our statute. Kimmons v. State,343 So.2d 542 (Ala.Crim.App. 1977).
 "The tendency of the corroborative evidence to connect accused with the crime, or with the commission thereof, must be independent, and without the aid, of any testimony of the accomplice; the corroborative evidence may not depend for its weight and probative value on the testimony of the accomplice, and it is insufficient if it tends to connect accused with the offense only when given direction or interpreted by, and read in conjunction with, the testimony of the accomplice." 23 C.J.S. Criminal Law, Section 812 (b) (1961).
McCoy, supra at 587.
In the case at bar, we find that the corroborating evidence tends to connect the appellant to the conspiracy to commit robbery only when considered together with Phillips' and Lowery's testimonies. The corroborating evidence, by itself, only raises a "mere suspicion of guilt" which cannot support a conviction. McCoy, supra.
Therefore, this cause is due to be and is, hereby, reversed and rendered. A second trial of this offense is prohibited by the double jeopardy clause of the United States Constitution.McCoy, supra.
REVERSED AND RENDERED.
All the Judges concur. *Page 1391