TYSON, Judge.
Jerry Edward Deerman was charged in a two-count indictment with forgery in the second degree (§ 13A-9-3, Code of Alabama 1975), and criminal possession of a forged instrument in the second degree (§ 13A-9-6, Code of Alabama 1975). The jury found the appellant guilty “of criminal possession of a forged instrument in the second degree,” and he was sentenced to six years’ imprisonment in the penitentiary.
Gene Gamble testified that he owns Gamble Welding and Machine in Cullman, Alabama. In October of 1982, his business had a checking account. He and his wife were the only people authorized to sign checks on that account. The checkbook for the account was kept in a drawer in his desk at the office or at his home. Gamble learned that some of the checks from the checkbook were missing after he was contacted by his bank. He had no idea how the checks were taken from his possession.
Gamble was shown State’s exhibit 1. It was a check written on the business account payable to Denise Rains in the amount of $190.28, dated October 8, 1982. His name was affixed to the check.
Gamble testified that the signature on State’s exhibit 1 was not his. He said that he did not know a Denise Rains and he had never written a check payable to her. He had not given anyone permission to sign his name to the check.
Gamble stated that he thought he had seen the appellant in the past but could not remember where or when.
Davis Lee testified that he was employed at the Warehouse Discount Grocery Store in Cullman in October of 1982. He stated that State’s exhibit 1 was cashed at this store and then sent to the bank.
Fulton Prevost, a certified latent print examiner for the Department of Public Safety, testified that he processed State’s exhibit 1 for latent fingerprints. He found one print on the check and compared it to a known set of prints of the appellant. The fingerprint on the check matched the print of the left index finger of this appellant.
Kim L’Heureux testified that she met the appellant through his brother. On October 7, 1982, she, Roy Long, David Beard, the appellant, his wife and daughter all met in Cullman. They rented two rooms at the Days Inn or the Budget Motel, off of Interstate 65.
The next morning, the appellant, Long and Beard left for a while. They returned with some checks. The appellant filled out *516 the checks and signed them. He then gave half of the checks to Beard and half of them to L’Heureux. The checks given to L’Heureux were made out to Denise Raines. L’Heureux had identification with the name Denise Rains.
L’Heureux and Beard then followed the appellant to grocery stores in Cullman and Decatur. At these stores, Beard would go in and cash a check, and then L’Heureux would go in and cash one of the checks the appellant had given her. She testified that she cashed State’s exhibit 1.
After they were finished cashing the checks, she split the money with this appellant.
L’Heureux testified that she had cashed forged checks in twenty counties in Alabama. She had been convicted of a felony in Anniston, Alabama, relating to forging checks. For her testimony in this case, L’Heureux received three concurrent one year and one day sentences. ■
The appellant testified that he first met L’Heureux when he accompanied his brother to see her in Tennessee. Thereafter, the appellant saw her a couple of times in Boaz, Alabama, where he lived. One of those occasions involved a car transaction between L'Heureux and the appellant.
The appellant denied committing this offense. He stated that he did not sign Gamble’s name to State’s exhibit 1. He had not been to Cullman in many years and had never been there with L’Heureux. He stated that his fingerprint may have gotten on the check when he transferred some papers out of L’Heureux’s car when the car transaction took place.
The appellant admitted four previous convictions for breaking and entering, forgery, petty larceny and issuing worthless checks. He stated that his brother was in prison on forgery charges because L’Heu-reux had turned State’s evidence.
I
The appellant maintains that L’Heu-reux’s testimony was not sufficiently corroborated to sustain his conviction. Therefore, we must determine whether the evidence presented by the State, excluding L’Heureux’s testimony, legitimately tends to connect this appellant to the offense of criminal possession of a forged instrument in the second degree. Staton v. State, 397 So.2d 227 (Ala.Cr.App.), cert. denied, 397 So. 2d 232 (Ala.1981).
After excluding the testimony of L’Heu-reux, the only evidence of corroboration was the appellant’s fingerprint on the check (exhibit 1). It could be argued that Gamble’s testimony that he thought he had seen the appellant in the past was corroborating evidence. However, there is little substance to that testimony since Gamble couldn’t say where he saw the appellant or even the decade when he saw the appellant. Therefore, the appellant’s fingerprint on the check is the only real corroborating evidence.
“Corroborative evidence must be of a substantive character, must be inconsistent with the innocence of the defendant and must do more than raise a suspicion of guilt. Thompson [v. State], 374 So.2d at 389. See also, Senn v. State, 344 So.2d 192 (Ala.1977); Slayton [v. State, 234 Ala. 9, 173 So. 645], supra. Evidence which logically and rationally is as consistent with innocence as with guilt does not corroborate the testimony of an accomplice. Ladd v. State, 39 Ala.App. 172, 98 So.2d 56, cert. stricken, 266 Ala. 586, 98 So.2d 59 (1957); Sorrell [v. State, 249 Ala. 292, 31 So.2d 82], supra.”
McCoy v. State, 397 So.2d 577, 588 (Ala.Cr.App.), cert. denied, 397 So.2d 589 (Ala.1981).
The presence of the appellant’s fingerprint on the check certainly arouses suspicion. However, Prevost testified that he did not know how or when the appellant’s fingerprint got on the check. He did not even know the condition of the check at the time the print was made. Further, he stated that a print on a check could easily be destroyed by the subsequent handling of the check by other people or the processing of the check by machines.
*517 The proclaimed innocence of the appellant is entirely consistent with Prevost’s testimony. The appellant could have come into contact with the check at any time, including after the check had been cashed, sent to the bank and processed. The State did not present any evidence, except L’Heu-reux’s testimony, as to when the fingerprint was placed on the check.
“ ‘The tendency of the corroborative evidence to connect accused with the crime, or with the commission thereof, must be independent, and without the aid, of any testimony of the accomplice; the corroborative evidence may not depend for its weight and probative value on the testimony of the accomplice, and it is insufficient if it tends to connect accused with the offense only when given direction or interpreted by, and read in conjunction with, the testimony of the accomplice.’ 23 C.J.S. Criminal Law, Section 812(b) (1961).”
McCoy, supra at 587; Booker v. State, 477 So.2d 1388 (Ala.Cr.App.1985).
The link between the appellant and the offense charged in the indictment is made only when the presence of the fingerprint on the check is considered with L’Heu-reux’s testimony.
Therefore,
“ ‘The fine line ... between corroborative evidence which does no more than raise a suspicion of guilt and evidence of such a nature that it tends to connect the defendant with the commission of the offense’ has not been crossed over. Thompson, 374 So.2d at 389.”
McCoy, supra at 588.
The corroborative evidence here merely raises a suspicion of guilt which is insufficient to support this conviction. Booker, supra.
The judgment of the trial court is due to be and is, hereby, reversed and rendered. A retrial on this offense would be in. violation of the double jeopardy clause in the Fifth Amendment to the United States Constitution. Due to our decision, the other issues raised by the appellant on appeal need not be decided.
REVERSED AND RENDERED.
All the Judges concur.