# Lumpkin *v.* The State.

*Indictment for Burglary and Grand Larceny.*

1. *Grand jury; sufficiency of recital in the record as to oath administered to.*—When the record shows that the grand jury was sworn, this court will presume that the legal oath was administered to them, unless the record shows the contrary.

2. *Accomplice; what corroboration necessary to authorize conviction of felony on evidence of.*—The testimony of an accomplice must, to authorize a conviction for felony, be corroborated by other evidence tending to connect the defendant with the commission of the offense; but it is not necessary that there should be other evidence which would, of itself, warrant a conviction.

APPEAL from Selma City Court.

Tried before Hon. JNO. HARALSON.

James Hattrick and Isaiah Lumpkin, the appellant, were indicted for burglary and grand larceny at the January Term, 1880, of the City Court of Selma. At the same term a *nolle prosequi* was entered as to the defendant Hattrick. Isaiah Lumpkin moved to quash the indictment, on the ground that

[Lumpkin v. The State.]

the grand jury, by whom it was found, was not sworn accord-
ing to law. The record recites that the "grand jury was then
elected, empanneled, sworn, and charged." The court over-
ruled the motion to quash, and defendant excepted. On the
trial Hattrick was examined as a witness, and stated that he
found defendant in the store, which he was charged with
breaking and entering, and that he, witness, received, and in
company with the defendant, hid certain articles which they
then took from the store ; and which were mentioned in the
indictment. The owner of the store testified as to the break-
ing, the entry, the loss of the goods named in the indictment,
and stated that he had found some articles in the defendant's
house, which were shown to him by the defendant, and which
were similar to the stolen goods. There was much other
evidence, but it need not be stated. The defendant asked
the court to charge the jury : " That, before they can convict
the defendant in this case, they must have other evidence of
the burglary than that of the accomplice, Hattrick, and such
other evidence must be *aliunde*, sufficient to convict the de-
fendant." 2. " That before they can convict the defendant in
this case they must have such evidence of all the material in-
gredients of the offense as will convince them beyond a rea-
sonable doubt, and to a moral certainty, of defendant's guilt,
other than that of the accomplice, Hattrick." These charges
the court refused to give, and defendant excepted. The de-
fendant was convicted.

The record does not show any assignment of error, or the
name of counsel for appellant.

H. C. TOMPKINS, Attorney-General, for the State, cited as to
the oath administered the grand jury, *Lawson v. The State*,
20 Ala. 65 ; *Davis v. The State*, 54 Ala. 88 ; *Mitchell v. The
State*, 58 Ala. 417. On the evidence of an accomplice—*Moses
v. The State*, 58 Ala. 117 ; *Smith v. The State*, 59 Ala. 104.

STONE, J.—The record informs us the grand jury was
" elected, empanneled, sworn, and charged." In the absence
of other showing, we must presume the City Court had the
legal oath administered, as it was his duty to do.—*Davis v.
The State*, 54 Ala. 88 ; *Mitchell v. The State*, 58 Ala. 417.
To authorize a conviction of a felony on the testimony of
an accomplice, such testimony must be corroborated by other
evidence tending to connect the defendant with the commis-
sion of the offense.—Code of 1876, section 4895. The statute
requires this, and only this. The charges asked were prop-
erly refused, because they assumed, as a rule of law, that

[Davis v. The State.]

the defendant could not be convicted on the testimony of an accomplice, unless there was other testimony which, of itself, would authorize a conviction. This would be to deny to the testimony of the accomplice all weight before the jury. Such is not the law.—*Smith v. The State*, 59 Ala. 104; *Lockett v. The State*, 63 Ala. 5.

Affirmed.

