66 So.2d 845

## TIDWELL v. STATE.

### 2 Div. 857.

Court of Appeals of Alabama.

May 19, 1953.

Rehearing Denied June 16, 1953.

Judson C. Locke, Marion, for appellant.

Si Garrett, Atty. Gen., and L. E. Barton, Asst. Atty. Gen., for the State.

230

**HARWOOD, Judge.**

This appeal results from appellant's conviction under an indictment charging him with the larceny of two cows, the property of Darwin Levert.

█ The appellant timely filed a motion to quash the indictment on the ground that Darwin Levert, the owner of the property alleged to have been stolen, was a member of the grand jury returning the indictment.

In this connection Mr. Levert testified that he was a member of the grand jury returning the indictment, and was the owner of the cows alleged in the indictment to have been stolen. However, he further testified that he was not present at any time when the charge against the appellant was considered by the grand jury, did not testify before that body, and in nowise took part in its deliberation of this case.

Section 92, Title 30, Code of Alabama 1940, provides, among other things, that "A grand juror must not be present at or take any part in the deliberations of his fellow jurors respecting any public offense * * * committed against his person or property * * *."

The evidence for the State shows that Mr. Levert was not present, and did not take part in the deliberations of his fellow grand jurors when that body considered the charges against this appellant. The statute above was therefore not offended, and the court properly denied the motion to quash.

██ The State's chief witness was Avery Nichols, Jr. Nichols testified that on the night of January 3, 1952, he and the appellant stole two of Levert's cattle, as described in the indictment. They loaded the heifers in a truck and hauled them to Jasper, arriving at the stockyards the next morning. Here they sold the cattle under the name of "B. J. Glass," receiving a check with "B. J. Glass" named as payee. This check was cashed at a Jasper bank by Nichols, and the proceeds divided with the appellant.

The evidence tending to corroborate Nichols, Jr., the accomplice, was the testimony of Earl Sapp, a resident of Cullman County, and the testimony of Mr. and Mrs. Avery Nichols, Sr. Mr. Sapp testified that he talked to Avery Nichols, Jr., at the stockyard in Jasper on the morning of January 4, 1952, with the idea of buying the two heifers that Nichols had in the stockyard barn. At this time the appellant was present, but did not take part in the conversation.

Mr. and Mrs. Avery Nichols, Sr. each testified that Avery, Jr. had moved to Pickens County in December 1951; that on the morning of January 3, 1952, Avery, Jr., and his wife and this appellant came to their home in Perry County in appellant's truck. They left Avery, Jr.'s wife there and departed. Late that afternoon, around five o'clock Avery, Jr. and appellant returned to the Senior Nichols' home, stayed only a few minutes and left. They did not return to the Senior Nichols' again until late in the afternoon on the following day, that is, January 4, 1952. On this visit they picked up Avery, Jr.'s wife and departed.

The appellant testifying in his own behalf denied categorically that he had been in Perry County at the time the cattle were stolen, or any participation therein. No need to detail his testimony arises.

Being in the company of an accomplice in proximity in time and place to the commission of a crime is not always sufficient corroboration to meet the requirements of our statute, Section 307, Title 15, Code of Alabama 1940; Commander v. State, 28 Ala.App. 42, 178 So. 241; Kemp v. State, 24 Ala.App. 591, 139 So. 437. Yet, when the accomplice and accused are seen together in rather unusual places and times,

in proximity to the scene of the crime which was committed at an unseasonable hour, the requirements of corroboration are met. DeGraaf v. State, 34 Ala.App. 137, 37 So.2d 130; Segars v. State, 19 Ala.App. 407, 97 So. 747; Ross v. State, 74 Ala. 532. In this case, under the testimony of witnesses additional to the accomplice, the appellant and the accomplice, who lived in Pickens County, drove to Perry County to the home of accomplice's parents. There they left accomplice's wife. Late in the afternoon they left in appellant's truck and did not return until late the following afternoon. In the meantime they were observed at the stockyards in Jasper where the stolen cattle were sold by the accomplice. Under these facts we do not think the lower court erred in ruling that the testimony of the accomplice was sufficiently corroborated.

■ We have written to the above points because of the likelihood of another trial. This cause must be reversed however because of a shown separation of the jury with no evidence presented by the State to overcome the prima facie injury following such showing.

In his motion for a new trial the appellant sets forth as grounds therefor such alleged separation.

In the hearing on the motion the appellant offered as a witness Mr. S. D. Buck, the deputy sheriff in charge of the jury. Mr. Buck testified that the court when the noon recess was taken, instructed the jury to remain together. Mr. Buck further testified: "We decided the time we would go up, and we were all together in the hall and not talking or discussing the case at all, and as we got to the steps somebody said 'Wait, we haven't got but eleven men.' And they took their seat and I came back and found Mr. Hughey in the rest room. We had left him there."

Mr. Buck further testified that this juror was absent for just a few minutes, "just the time it took me to go and get him," and that he brought the juror immediately back "upstairs."

No other evidence was offered at this hearing.

■■ As stated by Justice Simpson in Lynn v. State, 250 Ala. 384, 34 So.2d 602, 604:

"The prevailing rule in this jurisdiction controlling the question is that 'a separation of the jury, after the trial has been entered upon, and before verdict, creates a cause for reversible error in favor of the defendant, unless the state affirmatively shows that the defendant was not thereby injured.' Payne v. State, 226 Ala. 69, 70, 145 So. 650; Arnett v. State, 225 Ala. 8, 141 So. 699; Butler v. State, 72 Ala. 179; Davis v. State, 209 Ala. 409, 96 So. 187; Thompson v. State, 23 Ala.App. 565, 129 So. 297; McElroy v. State, 30 Ala. App. 404, 7 So.2d 508, certiorari denied 242 Ala. 529, 7 So.2d 489; Cobb v. State, 18 Ala.App. 556, 93 So. 225; Melton v. State, 26 Ala.App. 265, 158 So. 196; Redus v. State, 243 Ala. 320, 321, 9 So. 914; Aylward v. State, 216 Ala. 218, 113 So. 22.

"Such a separation however, does not of itself invoke the absolute right to have a mistrial declared or for a new trial, but prejudice must result therefrom. The right is only prima facie and, when a separation is shown, the onus is on the prosecution to affirmatively establish that the separating juror or jurors conversed with no one affecting the defendant's guilt and that no other influences were brought to bear on the jury or any of its members which may have biased their deliberations. Arnett v. State, 225 Ala. 8, 141 So. 699, and cases cited; authorities, supra. A comprehensive note is also found in 34 A.L.R. 1171."

In the recent case of Duke v. State, 257 Ala. 339, 58 So.2d 764, the jury during a short recess had gone to a rest room down a corridor from the court room. Two deputy sheriffs were in charge of the jury. As the jurors started to return to the court room one juror was observed in the rest room. One of the deputy sheriffs remained

with him, and escorted him to the court room, arriving there a minute or less after the other jurors.

The Supreme Court held that under these circumstances the State must show by sufficient evidence that the juror, during the separation was not subject to influencing contacts.

The court further held that in view of the testimony of the deputy sheriff that the tardy juror had spoken to no one and that no attempts at communication were made during his separation that the State had met its burden to show that no injury to the defendant had resulted from the separation.

In the present case the State offered no evidence tending to rebut the prima facie case made by the defendant. Under the doctrine of the cases above discussed this cause must therefore be reversed.

Reversed and remanded.