**190**

227 So.2d 820

George **DOBBINS**

v.

**STATE.**

**7 Div. 4.**

Court of Criminal Appeals of Alabama.

Oct. 7, 1969.

Rehearing Denied Nov. 4, 1969.

Loma B. Beaty, and Scott & Scott, Fort Payne, for appellant.

MacDonald Gallion, Atty. Gen., and John A. Lockett, Asst. Atty. Gen., for the State.

**CATES, Judge.**

Dobbins appeals from a conviction of robbery in which a jury found him guilty and fixed his punishment at ten years in the penitentiary.

He was indicted, along with others, for robbing one Ernest N. Osborn of over $9,-000.00 which was taken from Osborn by two men who entered Osborn's home May 28, 1966.

No witness put Dobbins at the scene of the robbery. Rather, the tendency of the State's evidence was that two men entered Osborn's house, took some $9,050.00 from two "pocket" wallets, tied up Osborn, his wife and grandson. Half an hour later Osborn managed to get free, went to Collinsville and made complaint there to the defendant, a policeman for the Town of Collinsville.

Osborn testified that he saw Dobbins at Wright's Boat Shop in Collinsville. From there Dobbins went to a cafe to telephone. Osborn stated on cross, "I think he was trying to call to see if he could get a road block set. He said he called somebody in Atlanta. He called the Highway Patrol."

The second witness on behalf of the State was William Knight, an admitted accomplice, who testified that he was outside Osborn's residence while Gene Wing and Ernest Edmondson went in and actually took the money from Osborn. Knight's duty, in addition to being a lookout, was to turn the car around so that all three could drive away once the deed was done.

The gist of Knight's testimony was that the three who made the actual robbery drove to Marietta, Georgia, telephoned Satch Haygood and that Satch and defendant Dobbins, along with two female companions drove over to Marietta and were paid $1,600.00, i. e. $800.00 each, for advising Knight and the others as to where a prospect such as Osborn could be located and when it was propitious to make the robbery.

Knight testified in chief as to Dobbins (in part):

"* * * He said he would be the only one to make the investigation, and he would give us plenty of time to get away. We were to phone him and they would come and get their part of the money."

The only corroboration of Knight's testimony came from Haygood who, of course, was also an accomplice under the State's theory, together with the night clerk at the motel in Marietta, Georgia.

This latter individual, a Mr. Pack Loveless, was only able to testify that he saw Dobbins at the motel in Marietta on the night of May 28.

 Code 1940, T. 15, § 307, which is in derogation of the common law (and perhaps common sense), provides that in felonies the testimony of an accomplice not only must be corroborated by other evidence but that such other evidence must tend "to connect the defendant with the commission of the offense."

In Sorrell v. State, 249 Ala. 292, 31 So. 2d 82, it is laid down that the process of analyzing the evidence where the State relies on the testimony of an accomplice is one of subtraction. That is, the trial court, on proper motion, as a matter of law is required to take away the evidence of the accomplice (or accomplices) and determine whether the rest of the testimony is sufficient to tend to connect the defendant with the commission of the offense.

In this case, the only thing that is shown by the rest of the evidence is that the defendant was at the same motel at which Knight was staying after the robbery and was in the company of Haygood. However, it is clear from a scrutiny of all of Loveless's testimony that Dobbins was at the motel and went into the room in which Knight was staying.

However, we are left with a hiatus in the State's case. No proof was adduced which would show that Dobbins knew when he went into the motel room that Knight and the other two men had perpetrated the robbery—save for the testimony of the two accomplices, Knight and Haygood. Loveless gave no evidence as to what was taking place inside Knight's motel room.

Accordingly, the defense's motion to exclude the State's evidence because of the failure to corroborate the testimony of an accomplice within the meaning of § 307, supra, was due to have been granted. Alexander v. State, 281 Ala. 457, 204 So.2d 488 (4).

Accordingly, the judgment below must be reversed and the cause remanded for new trial.

Reversed and remanded.