307 So.2d 92

**Jimmy Lee BUNCH**

**v.**

**STATE.**

**8 Div. 551.**

Court of Criminal Appeals of Alabama.

Dec. 17, 1974.

Rehearing Denied Jan. 21, 1975.

Robert S. Thomas, Scottsboro, for appellant.

William J. Baxley, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State, appellee.

ALMON, Judge.

The indictment charged that the appellant "feloniously took and carried away six (6) hogs, some red and some black spotted, weighing from about 140 to 240 pounds . . . ."[1] He was found guilty by a jury of grand larceny and sentenced to serve five years in the penitentiary.

The main question presented is whether there was sufficient evidence tending to connect the appellant with the larceny other than the evidence which came from an admitted accomplice. We hold that the corroborating evidence was insufficient and reverse.

Tit. 15, § 307, Code of Alabama 1940, Recompiled 1958, provides that:

"A conviction of felony cannot be had on the testimony of an accomplice, unless corroborated by other evidence tending to connect the defendant with the commission of the offense; and such corroborative evidence, if it merely shows the commission of the offense or the circumstances thereof, is not sufficient."

The rule stated in Sorrell v. State, 249 Ala. 292, 31 So.2d 82, is:

" '[T]he proper test in determining whether there was sufficient corroboration of the testimony of an accomplice, according to statutory requirements, is first to eliminate the evidence of the accomplice and then, if upon examination of all the other evidence there is sufficient inculpatory evidence tending to connect the defendant with the commission of the offense, there is sufficient corroboration.' . . . ."

See also Dobbins v. State, 45 Ala.App. 190, 227 So.2d 820.

The State's case consisted of three witnesses; Charles Loyd, the owner of the hogs; Julius Beard, owner of a livestock market; and Philip Elrod, the admitted accomplice.

Elrod testified that he, the appellant and Harry Bunch on or about November 11, 1973, went to Charles Loyd's place at night; and that they cut a hole in Lloyd's hog parlor where they stole nine hogs. He further testified that the next morning they sold six hogs to Beard's livestock market.

Charles Loyd testified that in November, 1973, twenty hogs were stolen from his farm in Stephenson, Alabama. He described them as "some red and some black spotted" and weighing between one hundred sixty and one hundred eighty pounds. He has never seen the hogs since and does not know who took them.

Julius Beard testified that he owned a livestock market and quick freeze plant in Scottsboro, Alabama. Through Mr. Beard a "scale ticket," which was kept in the ordinary course of his business, was introduced in evidence showing that Beard's livestock market bought from Jimmy Bunch six hogs weighing a total of one thousand pounds on November 12, 1973. No other description of the hogs appeared on the ticket. Mr. Beard testified that to his knowledge he never saw the hogs nor did he see Jimmy Bunch. Also introduced in evidence was a check from Beard Livestock Market to Jimmy Bunch dated November 12, 1973, drawn on J. C. Jacobs Banking Company, Scottsboro, Alabama, in the amount of $399.50. The appellant admitted that he sold six hogs at Beard Livestock Market and received a check in the amount of $399.50. He said he bought the

1. Flippo v. State, 49 Ala.App. 138(1), 269 So.2d 155.

hogs in Collinsville, Alabama, brought them home, fattened them, and sold them as above indicated.

Applying the above rule of law we must omit from our consideration the testimony of the accomplice, Philip Elrod. We are thus left with the evidence that (1) twenty hogs were stolen in early November, 1973, weighing between one hundred sixty and one hundred eighty pounds, some red and some black spotted; and (2) on November 12, 1973, the appellant sold six hogs weighing a total of one thousand pounds to Beard Livestock Market. The evidence therefore totally failed to identify the hogs which appellant sold as being the same ones stolen from Mr. Loyd. This being so, there was no evidence, save the accomplice's testimony, which tended to connect the appellant with the commission of the crime charged.

The judgment of conviction must therefore be reversed and the cause remanded.

Reversed and remanded.

All the judges concur.

