By granting the petition for writ of certiorari we have undertaken to review the decision of the Court of Criminal Appeals in 4 Div. 440, Senn v. State [M.S. 1976] 344 So.2d 187.
The issue presented is whether there is sufficient corroboration of the testimony of the two accomplices so that petitioner's conviction for grand larceny can stand. We answer in the negative and reverse and remand this cause to the Court of Criminal Appeals.
Petitioner was tried and convicted for the grand larceny of a John Deere tractor and a Ford truck, belonging to Carter Brothers and to Ferrell Gibson, respectively. Petitioner *Page 193 
was sentenced to five years' imprisonment in the penitentiary in each case. The Court of Criminal Appeals affirmed the judgments of conviction. The facts of the case are well stated in the opinion of that court and need not be repeated here. Essentially, the testimony of two accomplices is that petitioner was the ringleader in the thefts.
Alabama, by virtue of Tit. 15, § 307, Code of 1940, requires corroboration of accomplices' testimony. It provides, viz.:
 "A conviction of felony cannot be had on the testimony of an accomplice, unless corroborated by other evidence tending to connect the defendant with the commission of the offense; and such corroborative evidence, if it merely shows the commission of the offense or the circumstances thereof, is not sufficient."
At common law and in the federal courts such is not the rule. It has been stated that Alabama's statute is in derogation of the common law; it has been suggested that it is also in derogation of common sense. Dobbins v. State, 45 Ala. App. 190,227 So.2d 820 (1969, per Cates, J.).
Recently, Justice Faulkner re-enunciated our rule with respect to corroboration. He wrote for the Court:
 ". . . The proper test for determining whether there was sufficient corroboration of the testimony of an accomplice has been set out in Sorrell v. State, 249 Ala. 292, 31 So.2d 82 (1947). The court held that, first, the evidence of the accomplice must be eliminated, and then, if upon examination of all other evidence, there is sufficient incriminating evidence tending to connect the defendant with the commission of the offense, there is sufficient corroboration. . . ."
Miller v. State, 290 Ala. 248, 275 So.2d 675, 677 (1973).
The corroboration which is sufficient to support the accomplices' testimony must be of some fact tending to provethe guilt of the defendant.
 ". . . It must be of a substantive character, must be inconsistent with the innocence of the accused and must do more than raise a suspicion of guilt. . . ."
Sorrell v. State, 249 Ala. 292, 31 So.2d 82, 83.
Such corroborative testimony need not be sufficiently strong in itself to support a conviction. "[I]t is sufficient if it legitimately tends to connect the accused with the offense."Isbell v. State, 57 Ala. App. 444, 329 So.2d 133, 139, (1976, per Bookout, J.).
Analyzing the testimony in the case at bar we have the following corroborative evidence:
(1) Petitioner and accomplice Griffin were seen by the owner of the tractor about 1:30 or 2:00 p.m. on the day before the tractor turned up missing driving at a high rate of speed on a road petitioner seldom used and near where the tractor was parked; and,
(2) Petitioner was seen by a witness at accomplice Griffin's house the evening before the tractor turned up missing when he picked up accomplice Griffin with whom he drove off.
We are convinced that this testimony is not sufficient to corroborate the two accomplices.
Other "corroborating" details mentioned in the opinion of the Court of Criminal Appeals are physical facts which simply corroborate the "commission of the offense" but do not tend to connect the petitioner therewith.
Being seen in the company of an accomplice in close proximity in time and place to the commission of a crime is not in itself always sufficient corroboration to meet our statutory requirements. Tidwell v. State, 37 Ala. App. 228, 66 So.2d 845
(1953, per Harwood, J.) On the other hand, if the accused and accomplice are seen together in unusual places and in close proximity in time and place to the scene of the crime, which was committed at an unusual hour, the requirements of corroboration may be met. Tidwell, supra. *Page 194 
This case is factually very close to Kemp v. State,24 Ala. App. 591, 139 So. 437 (1932), wherein it was stated:
 ". . . The only evidence of corroboration claimed in this case by the state is that this defendant was seen on the streets of the village where the crime was committed in company with the accomplice, riding in a model T. Ford car, on the night of the burglary; that they passed up the street in open view three times, the last time going in the direction of defendant's home. Nobody saw them doing anything out of the ordinary, and nobody testifies as to when the store alleged to have been broken into was entered.
The corroboration required by the section of the Code cited must be of some fact connecting defendant with the crime which will strengthen or make stronger the testimony of the accomplice. Segars v. State, 19 Ala. App. 407, 97 So. 747; Wallis v. State, 18 Ala. App. 108, 90 So. 35." (Emphasis added.)
Likewise, in Commander v. State, 28 Ala. App. 42, 178 So. 241
(1938), it was held that the fact defendant was seen in the company of an admitted accomplice on the afternoon of the night of the alleged crime, which, from the testimony, was committed several hours thereafter, was no corroboration of the accomplice's testimony.
Even the State candidly, and we add, commendably admits, in brief, "Granted that this is not the strongest case of grand larceny prosecuted by the State . . ."
In sum, we do not disagree with the legal principles enunciated in the opinion of the Court of Criminal Appeals. We simply disagree with the application of the law to the facts.
It is thus that we conclude that the corroborating testimony was insufficient to meet the requirements of our statute. This case is reversed and remanded to the Court of Criminal Appeals.
REVERSED AND REMANDED.
All the Justices concur.