McMillan, judge.
The appellant, Ricky Hodges, was convicted of the offenses of theft of a motor vehicle and attempted murder and sentenced to twenty years’ imprisonment on the theft conviction and sixty-five years’ imprisonment on the attempted murder conviction.
The victim of the alleged attempted murder, James Russell III, was driving to a track meet in his father’s black and red Dodge van when three men stopped him and asked for a ride to get some gas. The three men jumped in and threw him into the back seat and began beating him profusely. Russell testified that one of the three men stated that he did not want to hit him, whereupon the others threatened to kill him if he did not hit Russell; thereupon that man jumped out of the van. The other two drove around with Russell, one beating him as the other drove. They subsequently pulled him out of the van, beat him with clubs, and tried to run over him in the van. Russell was never able to identify anyone as an assailant.
The appellant was arrested at 4:34 a.m. on the following morning while driving the red and black van following a radio dispatch regarding the stolen van. The appellant was read his rights; however, no formal statement was taken at that time. Later, the appellant was advised of his Miranda rights and he gave a statement. The appellant alleged that he was so intoxicated that he took the van, which he said a couple had abandoned with the motor running; however, the arresting officer testified that the appellant did not appear to be *1275 intoxicated. Jimmy Simmons, who was later arrested for the theft of property and attempted murder, testified that he was the individual who jumped from the van and that the appellant was one of the assailants; Simmon’s testimony was the result of an arrangement with the State whereby he agreed to tell the truth in court in return for the State’s recommendation of a reduced sentence on the theft charge and a nolle prosequi of the attempted murder charge. The appellant testified at trial that he was one of the three who requested the ride; however, he claimed to have been the individual who was threatened and jumped from the van. He admitted that he had lied out of fear when he gave the previous statement.
I
The appellant argues that the trial court erred to reversal by denying his motion for judgment of acquittal on the attempted murder charge because the only evidence tending to connect him to the offense was the testimony of an accomplice without sufficient corroboration. An accomplice’s testimony must be supported by evidence connecting the defendant with the commission of the offense rather than merely showing that the offense occurred or the circumstances thereof. Code of Alabama 1975, § 12-21-222; Miles v. State, 476 So.2d 1228 (Ala.Cr.App.1985); Jackson v. State, 451 So.2d 435 (Ala.Cr.App.1984). “The burden of proving a witness is an accomplice for the purposes of invoking the rule of § 12-21-222 is on the defendant.” Moon v. State, 460 So.2d 287, 290 (Ala.Cr.App.1984). “Whether a witness is an accomplice may be a question of law or fact, depending on the circumstances. Where there is a doubt or dispute concerning the complicity of a witness and the testimony is susceptible to different inferences on that point, the question is for the jury. See Jacks v. State, 364 So.2d 397 (Ala.Crim.App.), cert. denied, 364 So.2d 406 (Ala.1978).” Ex parte Bell, 475 So.2d 609, 611-12 (Ala.1985), cert. denied, Bell v. Alabama, _ U.S. _, 106 S.Ct. 607, 88 L.Ed.2d 585 (1985). “The mere fact that a witness is indicted for the same crime as the defendant does not per se raise a presumption that he was an accomplice. Jacks, supra.” Washington v. State, 401 So.2d 236, 239 (Ala.Cr.App.1981), writ denied, Ex parte Washington, 401 So.2d 241 (1981). A witness may be an accomplice as a matter of law and his testimony must be corroborated if he admits knowledge of and participation in the offense. Peoples v. State, 418 So.2d 935, 938 (Ala.Cr.App.1982). “The classic test to determine whether a witness is an accomplice is whether he could be indicted and convicted for the same offense for which the accused is then being tried.” Lewis v. State, 414 So.2d 135, 138 (Ala.Cr.App.1982), writ denied, Ex parte Lewis, 414 So.2d 140 (Ala.1982).
“Corroboration need only be slight to suffice.” Ingle v. State, 400 So.2d 938, 940 (Ala.Cr.App.1981). “While corroborating evidence need not be strong, it ‘... must be of substantive character, must be inconsistent with the innocence of a defendant and must do more than raise a suspicion of guilt.’ McCoy v. State, 397 So.2d 577 (Ala.Crim.App.), cert. denied, 397 So.2d 589 (Ala.1981).” Booker v. State, 477 So.2d 1388, 1390 (Ala.Cr.App.1985). “However, the corroboration need not be sufficiently strong by itself to warrant a conviction.” Miles v. State, 476 So.2d 1228, 1234 (Ala.Cr.App.1985). The requisite corroborative evidence is determined by a process of elimination or subtraction. Caldwell v. State, 418 So.2d 168, 170 (Ala.Cr.App.1981). “The means for analyzing the evidence to determine if there is sufficient evidence to corroborate testimony of an accomplice is to set aside the accomplice’s testimony and determine whether or not the remaining evidence tends to connect the defendant with the commission of the offense.” Leonard v. State, 459 So.2d 970, 971 (Ala.Cr.App.1984). “Whether such corroborative evidence exists is a question of law to be resolved by the trial court, its probative force and sufficiency being questions for the jury.” Caldwell v. State, supra, at 170. Circumstantial evidence is sufficient to show such corroboration. Jackson v. *1276 State, 451 So.2d 435, 437 (Ala.Cr.App.1984). See also McConnell v. State, 429 So.2d 662 (Ala.Cr.App.1983). An accused’s entire conduct may be examined for corroborating circumstances. Peoples v. State, supra, at 939. “ ‘Evidence of the defendant’s possession of property stolen at the time of the offense may also be sufficient to corroborate an accomplice’s testimony.’ ” Burttram v. State, 448 So.2d 497, 499 (Ala.Cr.App.1984), quoting Andrews v. State, 370 So.2d 320, 322 (Ala.Cr.App.), cert. denied, Ex parte Andrews, 370 So.2d 323 (Ala.1979). “ ‘Additionally, sufficient corroboration of the testimony of an accomplice may be furnished by a tacit admission by the accused, by the suspicious conduct of the accused, and the association of the accused with the accomplice, or by the defendant’s proximity and opportunity to commit the crime.’ ” Ware v. State, 409 So.2d 886, 891 (Ala.Cr.App.1981), writ quashed, Ex parte Ware, 409 So.2d 893 (Ala.1982). “A defendant’s voluntary confession may likewise be considered corroborative evidence authorizing a conviction. Snoddy v. State, 75 Ala. 23 (1883); Jacks, supra.” Craig v. State, 376 So.2d 803, 806 (Ala.Cr.App.1979), writ denied, Ex parte Craig, 376 So.2d 807 (Ala.1979). In the instant case, the appellant’s possession of the stolen van and his admission at trial to involvement certainly tend to connect him to the offenses of theft of property and attempted murder, as well as to incriminate him. Hutcherson v. State, 441 So.2d 1048, 1050 (Ala.Cr.App.1983).
II
The appellant argues that his statement, made while he was incarcerated, should not have been held admissible because he did not have counsel present. The appellant initially refused to sign a waiver of rights form after he was advised of his Miranda rights, but stated that he understood his rights and told the police how he allegedly came into control of the van. Officer Poole, who took a later statement, testified that he also took a statement from the appellant only after reading him his rights, whereupon he signed the form and stated that he wished to talk. Both Officer Poole and Officer Dowell testified that no promises or threats were made to induce his statement and that the appellant appeared rational and coherent. Although the appellant did not request counsel before making his statement, he contends that counsel should have been provided and that the fact he was arrested on Saturday morning and not questioned until Monday morning indicated that he was coerced. Moreover, he claims that he was denied equal protection of the law because someone more affluent would have requested counsel.
“The voluntariness of a statement is a question of law for the court to be determined upon preliminary proof, taken outside the presence of the jury, and such finding will not be disturbed on appeal unless it appears contrary to the great weight of the evidence, or is manifestly wrong.” Marschke v. State, 450 So.2d 177, 178 (Ala.Cr.App.1984); Balentine v. State, 339 So.2d 1063 (Ala.Cr.App.), cert. denied, 339 So.2d 1070 (Ala.1976).
“ ‘The State still has the heavy burden to prove that a person in custody “knowingly and intelligently” waived his privilege against self-incrimination and his right to retained or appointed counsel.’ [Citations omitted.] ‘In considering whether a confession or inculpatory statement is voluntarily made,' the trial judge need only be convinced from a preponderance of the evidence as to the rules of volun-tariness.’ [Citations omitted.] ‘The test for the voluntary nature of an extra judicial confession or inculpatory statement is whether in the light of all the surrounding circumstances, the statement was free from inducement, threat or promise, either expressed or implied, which would have produced in the mind of the accused any fear of harm or hope of favor.’ Citations omitted.]” Seawright v. State, 479 So.2d 1362, 1367 (Ala.Cr.App.1985).
Thus, a waiver need not be express but may be inferred from the circumstances. Shula v. State, 465 So.2d 448, 450 (Ala.Cr. *1277 App.1984), rev’d., Ex parte Shula, 465 So.2d 452 (1985); North Carolina v. Butler, 441 U.S. 369, 373, 375-76, 99 S.Ct. 1755, 1757, 1758-59, 60 L.Ed.2d 286 (1979). “Although the defendant initially refused to sign the Miranda waiver forms, he agreed to talk to the investigating officers. The refusal to sign a written waiver of rights form without more does not preclude a knowing and intelligent waiver of those rights.” Davis v. State, 440 So.2d 1191, 1193 (Ala.Cr.App.1983), cert. denied, Davis v. Alabama, 465 U.S. 1083, 104 S.Ct. 1452, 79 L.Ed.2d 770 (1984). The factual circumstances of the appellant’s statements are like those of the cases mentioned in Inzer v. State, 447 So.2d 838 (Ala.Cr.App.1983), cert. denied, Ex parte Inzer, 447 So.2d 850 (1984) wherein “this court found the proper Miranda rights given, voluntariness predicate established, and, ultimately, a knowing, intelligent, and voluntary waiver thereof regardless of the accused’s refusal to sign a waiver of rights form.” Id. at 847, citing Harris v. State, 420 So.2d 812 (Ala.Cr.App.1982); Proctor v. State, 391 So.2d 1092 (Ala.Cr.App.1980); Waters v. State, 360 So.2d 358 (Ala.Cr.App.), aff'd, 360 So.2d 367 (Ala.1978); and Houston v. State, 56 Ala.App. 295, 321 So.2d 261 (1975).
Even where there was no specific testimony that a statement was not the product of threats, promises, or other improper inducements, a review of the totality of the circumstances has been held sufficient to establish voluntariness. Dolvin v. State, 391 So.2d 666 (Ala.Cr.App.1979), aff'd, Ex parte Dolvin, 391 So.2d 677 (Ala.1980). “The facts that the defendant’s daughter was not with the defendant and had been taken to another part of the building and that the defendant was nervous and crying do not show that the statement was involuntary.” Id. at 675. Further, testimony of the officers who were present during a defendant’s statement “that appellant said he understood his rights, and that no promises or threats or other inducements were made to appellant to induce the statement” was sufficient to make his statement admissible. McBryar v. State, 368 So.2d 568, 573 (Ala.Cr.App.1979), cert. denied, Ex parte McBryar, 368 So.2d 575 (Ala.1979).
Moreover, the appellant’s equal protection argument is totally without merit. The Miranda rights provide every individual with equal knowledge of his opportunity to representation by an attorney.
III
The appellant claims that the trial court erred to reversal by denying him his right to a preliminary hearing. Reviewing the record, we can find no request by the appellant for a preliminary hearing; thus, this issue is not reviewable on appeal. Bennett v. State, 410 So.2d 139 (Ala.Cr.App.1981) (wherein transcript showed no request for preliminary hearing; thus, there could be no review of any uncoun-selled waiver).
IV
The appellant alleges that his sentence of sixty-five years’ imprisonment for the crime of attempted murder constituted cruel and unusual punishment. According to § 13A-4-2, Code of Alabama (1975), attempted murder is a Class A felony for which the authorized term of punishment is ten to ninety-nine years or life imprisonment. Code of Alabama (1975) § 13A-5-8. A legislatively mandated sentence carries a presumption of validity and “ ‘[reviewing courts, of course should grant substantial deference to the broad authority that legislatures necessarily possess in determining the types and limits of punishments for crimes ...’” McLester v. State, 460 So.2d 870, 874 (Ala.Cr.App.1984), quoting Solem v. Helm, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983). “It is well settled that this court is without authority to review a sentence so long as the sentence imposed by the trial court is within the limits prescribed by our legislature.” Moreland v. State, 469 So.2d 1305, 1306 (Ala.Cr.App.1985); Maye v. State, 472 So.2d 688, 690 (Ala.Cr.App.1985); Wallace v. State, 408 So.2d 171 (Ala.Cr.App.1981), cert. denied, *1278 Ex parte Wallace, 408 So.2d 173 (Ala.1982).
“The sentence imposed by the trial judge in the case sub-judice is well within the range of punishment authorized by statute, and we deem it inappropriate to substitute our judgment for that of the trial court as to the punishment the appellant-defendant should receive. To do so would constitute an unwarranted invasion by an appellate court of the province of the trial court. As long as the sentence imposed by the trial court is within statutory boundaries, the Court of Criminal Appeals will not overturn the decision absent clear abuse. Wilbourn v. State, 457 So.2d 1001 (Ala.Crim.App.1984). We see no abuse here.” Pickron v. State, 475 So.2d 600, 601 (Ala.Cr.App.1985).
Furthermore, this claim was not preserved for review because no objection was made to the sentence before the trial court. Faircloth v. State, 471 So.2d 485 (Ala.Cr.App.), aff'd, 471 So.2d 493 (Ala.1984).
AFFIRMED.
All the Judges concur.