Bobby Lee Jackson was convicted for first degree robbery and second degree burglary. He was given concurrent sentences of twenty years' imprisonment for the robbery and ten years for the burglary. *Page 690 
Three issues are raised by Jackson's appointed counsel on this appeal from those convictions.
 I
On the night of May 8, 1985, Clarence Sylvie, the manager of McDonald's on Madison Avenue in Montgomery, was robbed. Sylvie could not identify the masked robbers. Michael Medlock testified that he and Jackson committed the robbery in order to get money to pay for Jackson's car. Without detailing all the facts in this case, we find that Medlock's testimony was sufficiently corroborated by the following independent evidence: (1) Backpacks and gloves discovered at Jackson's residence were identified as similar to those used by the robbers. (2) A pair of handcuffs "identical" to those used by the robbers to chain the manager to a metal shelf were found in Jackson's residence. (3) McDonald's gift certificates were taken in the robbery. Gift certificates were found at Jackson's residence. (4) The robbers used a key to enter and leave the building. Jackson worked at McDonald's. He initially told the police that he did not have a key. However, he admitted having "borrowed" a key from another employee after the police confronted him with the employee's information. (5) Jackson gave the police conflicting information about the location of his residence and his employment at the time of the crime. (6) Jackson told the police he had recently made the final payment for his automobile, initially telling them that the payoff was $2,400 but later changing it to $3,900. (7) One robber was armed with a small automatic pistol. A small automatic pistol was found at Jackson's residence. (8) Montgomery Police Officer J.W. Barnes testified without objection that William James Jackson, who had been arrested along with Medlock and another individual for robbing a McDonald's in Prattville, told him that "he had personal knowledge that Bobby Lee Jackson had been the one responsible for the robbery of McDonald's on Madison."
Corroborative evidence which tends to connect the defendant with the commission of the offense "does not have to be sufficiently strong in itself to support a conviction,Senn v. State, 344 So.2d 192 (Ala. 1977), but '[i]t must be of a substantive character, must be inconsistent with the innocence of the accused and must do more than raise a suspicion of guilt.' Senn, supra, at 193, quotingSorrell v. State, 249 Ala. 292, 31 So.2d 82 (1947). There is a fine line drawn between corroborative evidence which does no more than raise a suspicion of guilt and evidence of such a nature that it tends to connect the defendant with the commission of the offense.
"The procedure for determining on which side of this fine line the corroborative evidence falls has been characterized as a subtraction process. Kimmons v. State,343 So.2d 542 (Ala.Cr.App. 1977).
 " 'The court held that, first, the evidence of the accomplice must be eliminated, and then, if upon examination of all other evidence, there is sufficient incriminating evidence tending to connect the defendant with the commission of the offense, there is sufficient corroboration. . .'
"Senn, supra, at 193, quoting Miller v.State, 290 Ala. 248, 275 So.2d 675 (1973)." Thompsonv. State, 374 So.2d 388, 389 (Ala. 1979).
"[M]otive is legitimate evidence which may be used in connection with other evidence to corroborate an accomplice's testimony." Thompson, 374 So.2d at 390. "Speculation and suspicion will not support a conviction based on the uncorroborated testimony of an accomplice, Kimmons,supra, but the weakness of the corroborating evidence, in and of itself does not preclude a finding that such evidence tends to connect the defendant with the commission of the offense." Thompson, 374 So.2d at 390. "[T]he statute [Alabama Code 1975, § 12-21-222] does not require corroborative testimony as to material elements of the crime; it only requires other evidence 'tending to connect the defendant with the commission of the offense.' " Ex parteBell, 475 So.2d 609, 613 (Ala. 1985), cert. denied,Bell v. Alabama, 474 U.S. 1038, 106 S.Ct. 607,88 L.Ed.2d 585 (1985). The *Page 691 
evidence necessary to corroborate an accomplice need not be, in itself, sufficient to warrant a conviction. Lumpkin v.State, 68 Ala. 56, 57-58 (1880). Corroboration may be supplied by direct or circumstantial evidence. Jacks v.State, 364 So.2d 397, 404 (Ala.Cr.App.), cert. denied,Ex parte Jacks, 364 So.2d 406 (Ala. 1978). A combination of facts may be sufficient to corroborate the testimony of an accomplice even though each single fact, standing by itself, is insufficient. Staton v.State, 397 So.2d 227, 231 (Ala.Cr.App.), cert. denied,Ex parte Staton, 397 So.2d 232 (Ala. 1981). The statements of the defendant may constitute sufficient corroboration. Snoddy v. State, 75 Ala. 23, 23-24
(1883). We find that Medlock's testimony was sufficiently corroborated by the combination of facts listed above.
 II
The search of Jackson's residence was pursuant to a warrant for which there was probable cause.
The search warrant was obtained by Montgomery Police Investigator J.H. Jolley. His probable cause was based on information obtained from Michael Medlock and William James Jackson.
The McDonald's on Madison Avenue, the subject of this case, was robbed on May 8, 1985. On July 18, 1985, Church's Chicken on West Fairview Avenue in Montgomery was also robbed. The methods of operation in both robberies were significantly similar. On September 3, 1985, Medlock, William Jackson, and Kenneth Savage were arrested by the Prattville police for the attempted robbery of the McDonald's in Prattville. Medlock admitted his participation in the robberies of the Madison Avenue McDonald's and of Church's Chicken. He identified this appellant as his accomplice.
On September 4, 1985, William Jackson informed the Montgomery police that he "knew for a fact" that this appellant robbed the Madison Avenue McDonald's and "indicated that he had this personal knowledge due to a conversation that he had with" this appellant. Additionally, Investigator Jolly stated that he had learned that the appellant "was employed at McDonald's at the time of the robbery but since has been terminated due to the fact that [the appellant] refused to take a polygraph examination in regards to the robbery."
This information passes the common sense totality-of-the- circumstances test for determining probable cause ofIllinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317,76 L.Ed.2d 527 (1983).
 III
Jackson argues that the search warrant was improperly executed at night because the affidavit did not "state positively that the property is . . . in the place to be searched" under § 15-5-8. This issue was not raised in the trial court. The sole ground of the motion to suppress was that "the defendant's constitutional rights were violated." At the pretrial hearing on the motion to suppress, defense counsel attempted to impeach the credibility of Medlock and William Jackson.
"The statement of specific grounds of objection waives all grounds not specified, and the trial court will not be put in error on grounds not assigned at trial." Ex parteFrith, 526 So.2d 880 (Ala. 1987). See also Watkinsv. State, 219 Ala. 254, 255, 122 So. 610, 611 (1929);Carter v. State, 205 Ala. 460, 462, 88 So. 571, 573
(1921). "It is well settled that all grounds of objection not specified are waived and that the trial court will not be placed in error on grounds not raised at trial." Helms v.State, 478 So.2d 9, 11 (Ala.Cr.App. 1985).
 IV
There was no objection to the trial judge's failure to give Jackson's requested charges six and eight. Therefore, there is nothing for this Court to review. Biddie v.State, 516 So.2d 846, 847 (Ala. 1987); Matkins v.State, 497 So.2d 201, 203 (Ala. 1986); Rule 14, A.R.Cr.P. (Temp.).
Requested charge nine stated: "The court instructs you that if you find that a witness has falsely testified you may disregard *Page 692 
that witness's testimony entirely." The instruction was properly refused for the omission of the word "willfully."Higginbotham v. State, 262 Ala. 236, 241,78 So.2d 637, 641 (1955). The false testimony of a witness must be "willful" in order to justify the jury in disregarding it.Booth v. State, 247 Ala. 600, 604, 25 So.2d 427, 430
(1946); Parsons v. State, 32 Ala. App. 266, 271,25 So.2d 44, 49 (1946).
 V
In addition to the above issues raised by appellate counsel, Jackson has filed a pro se brief in which he raises ten reasons to reverse his conviction.
We have reviewed the record and found that six of these grounds do not warrant a reversal under the specific facts of this case: (1) illegal arrest, (2) search and seizure without probable cause, (3) insufficient evidence to sustain the conviction, (4) intentional suppression of exculpatory evidence, (5) improper cross-examination of defendant's character witness, and (6) the failure to give the requested instructions. Three allegations are not supported by the record: (1) that the dismissal of two separate robbery charges against the defendant at the preliminary hearing barred any further prosecution under principles of former jeopardy; (2) that the prosecutor's use of peremptory challenges to exclude blacks from the jury venire violatedBatson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712,90 L.Ed.2d 69 (1986); and (3) that the trial judge's supplemental instructions to the jury coerced the jury to reach a guilty verdict. The record contains no evidence of any of these allegations.
Jackson also alleges that he was denied the effective assistance of counsel and lists seventeen actions or objections his trial counsel should have taken. This issue was not presented to the trial court. "[T]he now settled rule [is] that claims of ineffective assistance of counsel may not be considered for the first time on direct appeal."United States v. Stitzer, 785 F.2d 1506, 1520 (11th Cir.), cert. denied, Perna v. United States,479 U.S. 823, 107 S.Ct. 93, 93 L.Ed.2d 44 (1986).
The reasons for this rule are sound and were stated inUnited States v. Griffin, 699 F.2d 1102, 1108-09
(11th Cir. 1983):
 "Because the issue was not presented to the district court, the record on appeal is necessarily inadequate to determine the merits of the allegations on that issue at the appellate level. From such references should not be drawn an implication that a particular record on appeal would warrant the appellate court in finding either effective or ineffective assistance of counsel. It is facts bearing on the precise issue that are needed and obtainable only after presentation to and determination by the district court. [note 14] "Moreover, once the record on appeal is plumbed for facts bearing on the issue, the damage to the judicial process is done. An election to decide whether the record on appeal is adequate for decision on the issue not only adds to the burgeoning workload of appellate judges in a particular case, but makes a mockery of the repeated statement that the issue may not be presented for the first time on appeal.
 "To preclude, unequivocally and without cavil, presentation of the issue for the first time on appeal is not to deny the convicted an opportunity to present it. The rule does not deny presentation, it merely locates it. Indeed, in the cases cited above, the Fifth Circuit has repeatedly said it affirmed the 'conviction without prejudice to the right of appellant to raise the issue of ineffective assistance of counsel in proper proceedings available to him, on occasion specifying the availability of a proceeding pursuant to 28 U.S.C. § 2255, e.g., [U.S. v.] Prince, supra, 456 F.2d [1070] at 1071 [(5th Cir. 1972)]. In such a proceeding, appellant has a full opportunity to prove facts establishing ineffectiveness of counsel, the government has a full opportunity to present evidence to the contrary, the district court hears spoken words we can see only in print and sees expressions we will never see, and a factual record bearing precisely on the issue is created. If appeal be taken from the *Page 693 
district court's judgment, an appellate court may decide on a record made on the precise issue."
 [note 14] "If an appellate court elects to consider the issue and study the record on appeal in relation to it, an assertion of ineffective assistance may appear totally without merit in light of that record. The temptation is strong in such instances to go ahead and decide the issue against appellant on the presumption that doing so will reduce the workload of the district court. Succumbing to the temptation, however, (1) adds unnecessarily to the workload of the appellate court; (2) may be fruitless, where the appellant would not have elected to present the issue to the district court under 28 U.S.C. § 2255
[federal habeas corpus, the State counterpart of which is Rule 20, A.R.Cr.P. (Temp.)]; (3) may deny appellant an opportunity to develop the issue on a proper record; (4) encourages future first-time presentations on appeal; and most importantly, (5) undercuts everything the courts of the Fifth Circuit have said against its presentation for the first time on direct appeal."
In his pro se brief on appeal, Jackson provides no explanation of why these issues were not presented to the circuit court, although the record does show that trial counsel was allowed to withdraw in October of 1987, thirteen months after sentencing, and new counsel was appointed on December 7, 1987.
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur. *Page 1038