AFTER REMAND FROM THE ALABAMA SUPREME COURT
McMILLAN, Judge.
In Ex parte Rodgers, 554 So.2d 1120 (Ala.1989), the Alabama Supreme Court ruled that the language of the incest statute, § 13A-13-3, Code of Alabama (1975), legislatively modified the requirements for a conviction of incest and that the intended language of the statute now required corroboration of the victim’s testimony, regardless of the victim’s age. The cause was remanded to this court for determination as to whether the victim’s testimony was sufficiently corroborated by other evidence.
Sufficient substantive evidence exists to corroborate the victim’s testimony and uphold the appellant’s conviction. The victim’s mother testified that she was not present when the offense occurred, but later that evening, following church, a friend, to whom the victim had earlier related the offense, told the victim's mother of her conversation with the victim. The victim’s mother then took the victim to the hospital and then to the police station to file a complaint. She further testified that, although the appellant initially denied the incident, he subsequently admitted having laid his penis beside the victim’s vagina. The emergency room physician testified that he used a “rape kit” in examining the victim and that he found a redness at the entrance of the vagina consistent with sexual intercourse. He further revealed that the hymen was absent; however, there was no sperm present.
The State also introduced a taped and transcribed statement made by the appellant to the police. In that statement, the appellant admitted having instructed the victim to remove her clothing. He said he then pulled his pants down and “touched” her vagina with his penis. He stated that after he inserted his penis and pulled it back out, he had the victim clean up. The appellant told the police that this act was an attempt to teach the victim how not to become pregnant.
According to § 12-21-222, Code of Alabama (1975), the test for sufficiency of corroborating evidence of accomplice testimony requires other evidence “tending to connect the defendant with the commission of the offense.” Ex parte Bell, 475 So.2d 609, 613 (Ala.1985), cert. denied, 474 U.S. 1038, 106 S.Ct. 607, 88 L.Ed.2d 585 (1985). “Such corroborative testimony need not be *1124 sufficiently strong in itself to support a conviction. ‘[I]t is sufficient if it legitimately tends to connect the accused with the offense.’ Isbell v. State, 57 Ala.App. 444, 329 So.2d 133, 139 (1976, per Bookout, J.).” Senn v. State, 344 So.2d 192, 193 (Ala.1977). “The corroboration which is sufficient to support the accomplices’ testimony must be of some fact tending to prove the guilt of the defendant.” (Emphasis in original.) Id. Furthermore, “[a] defendant’s voluntary confession may likewise be considered corroborative evidence authorizing a conviction. Snoddy v. State, 75 Ala. 23 (1883); Jacks v. State, 364 So.2d 397 (Ala. Cr.App.), cert. denied, 364 So.2d 406 (Ala.1978).]” Craig v. State, 376 So.2d 803, 806 (Ala.Cr.App.1979), writ denied, 376 So.2d 807 (Ala.1979).
In the case at bar, the victim’s testimony was corroborated by that of other witnesses, as well as by the appellant’s statement. Such corroboration was sufficient to support the victim’s testimony, connect the appellant to the crime, and do more than raise a suspicion of guilt. See Flanagan v. State, 533 So.2d 637, 641 (Ala.Cr.App.1987).
AFFIRMED.
All the Judges concur.