COBB, Judge.
On November 17, 2000, John Underwood was convicted of first-degree robbery and first-degree theft of property, violations of §§ 13A-8-41(a)(l) and 13A-8-7, Ala.Code 1975, respectively. The trial court sentenced Underwood, as a habitual offender, to life in prison without the possibility of parole on the robbery charge. See § 13A-5-9(c)(3), AlaCode 1975. Because neither the sentencing order nor the transcript of the sentencing hearing reflects that the trial court sentenced Underwood on the charge of first-degree theft of property, we must remand this cause for *821 the trial court to sentence Underwood for his first-degree theft of property conviction. However, we address Underwood’s claims on appeal regarding his convictions and affirm the trial court’s judgment as to Underwood’s convictions.
Underwood argues on appeal that the trial court erroneously denied his motions for a judgment of acquittal because the State presented insufficient corroborating evidence to support his convictions based on testimony from his codefendants.
“The action of the trial court in denying a motion for judgment of acquittal must be reviewed by determining whether there exists legal evidence before the jury, at the time the motion is made, from which the jury by fair inference could find the defendant guilty beyond a reasonable doubt. Willis v. State, 447 So.2d 199 (Ala.Cr.App.1983); Thomas v. State, 363 So.2d 1020 (Ala.Cr.App.1978).”
Newsome v. State, 670 So.2d 703, 710 (Ala.Crim.App.1990).
“ ‘Corroboration need only be slight to suffice.’ Ingle v. State, 400 So.2d 938, 940 (Ala.Crim.App.1981). Circumstantial evidence is sufficient to show corroboration. Jackson v. State, 451 So.2d 435, 437 (Ala.Crim.App.1984). ‘The testimony of an accomplice must be corroborated “ ‘by other evidence tending to connect the defendant with the commission of the offense,’ but it is not necessary that there should be other evidence which would, of itself, warrant a conviction.” ’ Kuenzel v. State, 577 So.2d 474, 515 (Ala.Crim.App.1990), quoting Lumpkin v. State, 68 Ala. 56, 57-58 (1880).”
Tolliver v. State, 814 So.2d 991, 994 (Ala.Crim.App.2000). We address each conviction in turn.

I. First-Degree Theft of Property

On November 8, 1999, perpetrators broke into the Thweatts’ house in Pratt-ville and stole, among other things, assorted jewelry, a pistol, and a trumpet. Brandon Cargile, Underwood’s codefendant, testified that the theft was Underwood’s idea and that Underwood broke the window in the door in order to gain entry to the home. Cargile testified that he and Underwood committed the theft and that they then walked down the street to a grocery store. Cargile testified that he waited in the parking lot with the stolen goods while Underwood retrieved his girlfriend’s car and picked Cargile up.
The State also presented evidence that, on November 25, 1999, Officer Ron Boles arrested Underwood at the Relax Inn in Montgomery. Boles testified that, at the time Underwood was arrested, Ms girlfriend was in the hotel room and she was wearing a high-school class ring inscribed with Mrs. Thweatt’s maiden name. At trial, Mrs. Thweatt later identified the ring as the one stolen from her home. Underwood’s girlfriend consented to the search of her vehicle. In her vehicle, the police found a trumpet, which Mr. and Mrs. Thweatt identified at trial as having been stolen from their home. Officer Boles testified that, from Underwood’s girlfriend’s car, he also recovered a box filled with other articles, including jewelry and Christmas ornaments, that the Thweatts identified at trial as items stolen during the burglary of their home.
Additionally, Officer Boles testified that, upon his arrest at the Relax Inn, Underwood assured Officer Boles that he could recover the missing pistol. Underwood was released on bond to allow him to recover the pistol. A few days later, demon Motley saw Officer Boles in his neighborhood, approached Officer Boles, and told him that Underwood had come to *822 his home and attempted to sell Motley a pistol. Officer Boles met with Motley and set up a controlled transaction between Motley and Underwood. Officer Boles gave Motley $100 in cash, which Officer Boles had photocopied, to purchase the pistol from Underwood. The next day, Motley paged Officer Boles to inform him that Underwood was on the way to Motley’s to sell the pistol. Motley purchased the pistol from Underwood and immediately paged Officer Boles again to inform him that the transaction was complete. Driving to Motley’s home, Officer Boles spotted Underwood walking down the street. Underwood had in his possession $40 of the money Officer Boles had provided to Motley; he was rearrested. Motley turned the pistol over to Officer Boles. At trial, Officer Boles identified the marked money and the pistol recovered from Motley; Motley and his girlfriend testified about the controlled transaction and identified the pistol; and Mr. Thweatt identified the pistol as the one stolen from his home.
The State presented sufficient evidence to corroborate Cargile’s testimony and connect Underwood to the theft of the Thweatts’ belongings. Therefore, the trial court correctly denied Underwood’s motions for a judgment of acquittal as to the first-degree theft of property charge.

II. First-Degree Robbery

In the evening of November 20, 1999, Eva Pierce was working as a clerk at the Big Bass Store in Autauga County. Two men entered the store and, at gunpoint, took money from the register, stole Pierce’s purse, and. ripped the telephone out of the wall before leaving.
The codefendants’ testimony varied. Cargile testified that he, Underwood, De-meko Powell, and Travis Powell went to Big Bass, but that Underwood did not go into the store and commit the actual robbery. Cargile also testified that, although the Powell brothers committed the robbery while he and Underwood waited in the car, the robbery was Underwood’s idea, that Underwood provided the gun, and that Underwood drove the perpetrators to the store in his girlfriend’s car. Demeko Powell testified that he drove Underwood’s girlfriend’s car to Big Bass, that Underwood provided the gun, and that he and his brother, not Underwood, went into the store and committed the robbery.
At trial, Eva Pierce identified Underwood as one of the robbers who entered the store. Pierce testified that she got a good look at the robber’s face and that she was “fairly sure,” that is, 80% to 95% sure, that Underwood was one of the robbers who entered the store.
 Underwood argues that Pierce’s testimony, in light of that of Cargile and Demeko, is insufficient to corroborate the testimony of Underwood’s two codefend-ants that Underwood was involved in the robbery. Although Underwood couches his argument in terms of sufficiency of the evidence, his argument actually pertains to the weight of the evidence because he claims that Pierce’s testimony is not to be believed. “The issue of the weight of the evidence is preserved by a motion for a new trial, stating ‘that the verdict is contrary to law or the weight of the evidence.’ See AR.Cr.P. 24.1(c)(1).” Zumbado v. State, 615 So.2d 1223, 1240-41 (Ala.Crim.App.1993). Underwood did not file a motion for a new trial in which he raised this issue; therefore, he has not preserved this issue for appellate review.
Moreover, “[w]e have repeatedly held that it is not the province of this court to reweigh the evidence presented at trial.... ‘The credibility of witnesses and the weight or probative force of testimony is for the [trier of fact] to judge and determine.’ ” Johnson v. State, 555 So.2d 818, 820 (Ala.Crim.App.1989) (quoting Harris *823 v. State, 513 So.2d 79, 81 (Ala.Crim.App.1987)). Therefore, even if Underwood had preserved this issue for appellate review, we would not second-guess the jury’s determinations regarding Pierce’s credibility or the force of her testimony.
For the reasons stated above, we affirm Underwood’s convictions, but remand the cause for sentencing. Therefore, we remand this cause to the trial court in order for the trial court to either sentence Underwood for his first-degree theft-of-property conviction or to supplement the record with the necessary documentation showing that Underwood has, in fact, been sentenced for that conviction. Due return shall be made to this court within 28 days of the date of this opinion.
AFFIRMED AS TO THE CONVICTIONS AND REMANDED WITH DIRECTIONS AS TO SENTENCING. 
McMILLAN, P.J., and BASCHAB, SHAW, and WISE, JJ., concur.